1                    UNITED STATES DISTRICT COURT

2              FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                         SAN JOSE DIVISION


4        CREAGRI, INC.,

5                 PLAINTIFF,            CASE NO.  CV-11-6635-PSG

6          VS.                         SAN JOSE, CALIFORNIA

7        PINNACLIFE, INC.,             OCTOBER 16, 2012

8                 DEFENDANT.           PAGES 1 - 29

9


10

                        TRANSCRIPT OF PROCEEDINGS
11              BEFORE THE HONORABLE PAUL S. GREWAL
                UNITED STATES DISTRICT MAGISTRATE JUDGE
12


13                    A-P-P-E-A-R-A-N-C-E-S


14

         FOR THE PLAINTIFF:    KRAMER LEVIN
15                             BY:   PAUL J. ANDRE
                                     HAROLD M. STOREY
16                             990 MARSH ROAD
                               MENLO PARK, CALIFORNIA 94025

17


18       FOR THE DEFENDANT:    BRYAN CAVE
                               BY:   LEE MARSHALL
19                             333 MARKET STREET, 25TH FLOOR
                               SAN FRANCISCO, CALIFORNIA 94105

20


21       OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, CRR
                                     CERTIFICATE NUMBER 8074

22


23          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
         TRANSCRIPT PRODUCED WITH COMPUTER.

24


25

|    |    |
|----|----|
| | 1 | SAN JOSE, CALIFORNIA                    OCTOBER 16, 2012 |
| | 2 |                    P R O C E E D I N G S |
| | 3 |      (COURT CONVENED.) |
| 12:00PM | 4 |          THE CLERK:  YES, YOUR HONOR.  WE'RE CALLING CREAGRI |
| 12:00PM | 5 | VERSUS PINNACLIFE, CASE NUMBER 11-6635. |
| 12:00PM | 6 |      MATTER ON FOR DEFENDANT'S MOTION TO COMPEL. |
| 12:00PM | 7 |      COUNSEL, PLEASE STATE YOUR APPEARANCES. |
| 12:00PM | 8 |          MR. MARSHALL:  LEE MARSHALL WITH BRYAN CAVE FOR THE |
| 12:00PM | 9 | DEFENDANTS. |
| 12:00PM | 10 |          MR. ANDRE:  GOOD MORNING, YOUR HONOR.  PAUL ANDRE |
| 12:00PM | 11 | AND WITH ME TODAY IS HAROLD STOREY FOR THE PLAINTIFF. |
| 12:01PM | 12 |          THE COURT:  GOOD MORNING TO YOU AS WELL. |
| 12:01PM | 13 |      PLEASE HAVE A SEAT, COUNSEL.  I HAVE IN FRONT OF ME A |
| 12:01PM | 14 | MOTION TO COMPEL COMPLIANCE WITH ONE OF MY FAVORITE LOCAL |
| 12:01PM | 15 | RULES, PATENT LOCAL RULE 3-1.  AND IT'S MY UNDERSTANDING THAT |
| 12:01PM | 16 | YOU ALL HAVE A DIFFERENCE OF OPINION OF WHAT THAT RULE REQUIRES |
| 12:01PM | 17 | AND WHETHER THE PLAINTIFF HAS, IN FACT, COMPLIED WITH THAT |
| 12:01PM | 18 | RULE. |
| 12:01PM | 19 |      THIS IS THE DEFENDANT'S MOTION SO I'LL BEGIN WITH THE |
| 12:01PM | 20 | DEFENDANTS. |
| 12:01PM | 21 |      MR. MARSHALL, WHY DON'T YOU GO AHEAD. |
| 12:01PM | 22 |          MR. MARSHALL:  SURE, YOUR HONOR.  AS YOU KNOW LOCAL |
| 12:01PM | 23 | RULE 3-1 WAS DESIGNED TO STREAMLINE THE LITIGATION PROCESS AND |
| 12:01PM | 24 | THE REQUIREMENT IS TO ARTICULATE WITH SPECIFICITY THE CLAIMS |
| 12:01PM | 25 | AND THE THEORY OF THE INFRINGEMENT ALLEGATIONS AND IT'S REALLY |

12:01PM  1    DESIGNED TO SUBSTITUTE FOR FORMAL DISCOVERY AND

12:01PM  2    INTERROGATORIES.

12:01PM  3        THE COURT:  NO, IT'S NOT, RIGHT?  IT'S NOT DESIGNED

12:01PM  4    TO SUBSTITUTE FOR INTERROGATORIES?

12:01PM  5        INTERROGATORIES SEEK PRODUCTION OF EVIDENCE OR

12:01PM  6    IDENTIFICATION OF EVIDENCE, RIGHT?  THAT'S NOT THE BASIS OF

12:01PM  7    THIS RULE.

12:02PM  8        AM I RIGHT?

12:02PM  9        MR. MARSHALL:  WELL, THERE IS CASE LAW IN THE

12:02PM  10   NORTHERN DISTRICT.

12:02PM  11       THE COURT:  WELL, DOES THE LOCAL RULE REQUIRE THAT

12:02PM  12   THE PLAINTIFF IN ITS 3-1 DISCLOSURE IDENTIFY EVIDENCE OR NOT?

12:02PM  13       MR. MARSHALL:  IT DOES NOT SPECIFICALLY SAY THAT,

12:02PM  14   YOUR HONOR.  IT SAYS --

12:02PM  15       THE COURT:  SO DOES IT OR DOESN'T IT?

12:02PM  16       MR. MARSHALL:  IT SAYS THAT THEY HAVE TO STATE WITH

12:02PM  17   SPECIFICITY.

12:02PM  18       THE COURT:  SO DO THEY HAVE TO IDENTIFY EVIDENCE OR

12:02PM  19   NOT?

12:02PM  20       MR. MARSHALL:  THEY HAVE TO, ACCORDING TO THE

12:02PM  21   TESSENDERLO DECISION FROM THIS DISTRICT, YOUR HONOR, THEY HAVE

12:02PM  22   TO PRODUCE THE FACTUAL BASIS FOR THEIR CLAIMS.

12:02PM  23       THE COURT:  SO DOES THAT REQUIRE THEM TO DISCLOSE OR

12:02PM  24   IDENTIFY DOCUMENTS, TESTIMONY OR OTHER EVIDENCE OR NOT?  IT'S A

12:02PM  25   YES OR NO QUESTION.

12:02PM   1          MR. MARSHALL:  I THINK AS LONG AS THEY'RE SPECIFIC

12:02PM   2     AND PROVIDE THE FACTUAL BASIS FOR THEIR CLAIMS THERE'S NOT A

12:02PM   3     REQUIREMENT, BUT HERE THEY DON'T.

12:02PM   4          THE COURT:  SO JUST SO WE'RE ALL ON THE SAME PAGE.

12:02PM   5     THERE'S NO REQUIREMENT UNDER 3-1 TO IDENTIFY EVIDENCE, HAVE WE

12:02PM   6     AT LEAST AGREED ON THAT POINT?

12:02PM   7          MR. MARSHALL:  YOUR HONOR, 3-1 DOESN'T SAY THAT.

12:03PM   8          THE COURT:  IT'S A YES OR NO QUESTION, COUNSEL.  AND

12:03PM   9     I'M SHORT ON THIS POINT, AND I HOPE YOU ACCEPT MY APOLOGY, BUT

12:03PM  10     I DEAL WITH THIS ISSUE ALL OF THE TIME IN PATENT CASES AND I

12:03PM  11     HAPPEN TO HAVE A CERTAIN VIEW, AND I THINK YOU KNOW WHAT THIS

12:03PM  12     IS, AND I WANT TO MAKE SURE WE'RE ALL ON THE SAME PAGE.

12:03PM  13        DO YOU HAVE TO DISCLOSE EVIDENCE IN 3-1, YES OR NO?

12:03PM  14          MR. MARSHALL:  3-1 DOES NOT SAY THAT, YES, YOUR

12:03PM  15     HONOR.

12:03PM  16          THE COURT:  AND LET'S TALK ABOUT WHAT IT DOES

12:03PM  17     REQUIRE.  WHAT DO YOU THINK?

12:03PM  18          MR. MARSHALL:  I THINK IT REQUIRES THEM TO SAY WITH

12:03PM  19     SPECIFICITY WHERE EACH LIMITATION OF THE CLAIMS IS FOUND WITHIN

12:03PM  20     EACH ACCUSED INSTRUMENTALITY.  THAT'S WHAT THE RULE

12:03PM  21     SPECIFICALLY SAYS IN 3-1-C.

12:03PM  22        NOW, WITH RESPECT TO A NUTRITIONAL SUPPLEMENT TYPE CLAIM,

12:03PM  23     YOU KNOW, WE THINK IT'S REQUIRED FOR THEM TO SAY, FOR EXAMPLE,

12:03PM  24     ONE OF THE ISSUES IN THE CASE IS THE RATIO BETWEEN

12:04PM  25     HYDROXYTYROSOL AND A OLEUROPIEN, FOR EXAMPLE.

12:04PM 1       AND THE CLAIMS PROVIDE FOR A RANGE.  FOR EXAMPLE, CLAIM 1

12:04PM 2  SAYS THAT YOU HAVE TO HAVE BETWEEN ABOUT 5-TO-1 AND ABOUT

12:04PM 3  200-TO-1 IN THE RATIO.

12:04PM 4       AND SO WE THINK THAT WHEN IT SAYS THAT YOU HAVE TO

12:04PM 5  IDENTIFY SPECIFICALLY WHERE EACH LIMITATION OF THE CLAIMS ARE

12:04PM 6  FOUND, THAT THEY SHOULD SAY WHAT EXACTLY THE RATIO IS THAT THEY

12:04PM 7  THINK IS IN THE ACCUSED PRODUCT.

12:04PM 8            THE COURT:  OF COURSE, THE CLAIMS DO NOT REQUIRE THE

12:04PM 9  SPECIFIC RATIO, DOES IT?  THE CLAIM REQUIRES THAT THE RATIO

12:04PM 10  FALL WITHIN THE RANGE?

12:04PM 11            MR. MARSHALL:  WELL, HERE WHAT THEY HAVE DONE IS

12:04PM 12  ESSENTIALLY BOILERPLATE OF THE CLAIM LANGUAGE AND JUST REPEATED

12:04PM 13  THAT FOR THEIR CONTENTIONS.

12:04PM 14       SO, FOR EXAMPLE, CLAIM 1 SAYS 5-TO-1 TO 200-TO-1.  CLAIM 2

12:04PM 15  SAYS 2-TO-1 TO 101.  SO CLAIM 2 SAYS IT PROBABLY INFRINGES ON

12:05PM 16  LITERALLY OR UNDER THE DOCTRINE OF EQUIVALENTS AND WHAT I TAKE

12:05PM 17  THAT TO MEAN IS WITH THE INFRINGEMENT CONTENTION, WHAT THEY'RE

12:05PM 18  SAYING IS THAT IT MAY NOT BE PRECISELY WITHIN THE 5-TO-1 TO 200

12:05PM 19  RATIO, MAYBE A LITTLE OUTSIDE OF THAT BUT AT THE SAME TIME FOR

12:05PM 20  CLAIM 10, WHICH IS 10-TO-1 TO 101, THEY SAY IT'S LITERALLY

12:05PM 21  WITHIN THAT OR EQUIVALENTLY WITHIN THAT.

12:05PM 22            THE COURT:  THERE'S A WAY TO RECONCILE THOSE

12:05PM 23  POSITIONS, ISN'T THERE?

12:05PM 24            MR. MARSHALL:  I DON'T THINK YOU CAN SAY THAT IT'S

12:05PM 25  LITERALLY 10-TO-1 TO 101 AND IT ALSO MAY BE EQUIVALENT TO --

| | | |
|---|---|---|
| 12:05PM | 1 | THE COURT:  WELL, IT COULD BE LITERAL TO ONE |
| 12:05PM | 2 | BOUNDARY BUT NOT LITERAL AS TO ONE, RIGHT? |
| 12:05PM | 3 | MR. MARSHALL:  THEY'RE SAYING IT IS LITERALLY WITHIN |
| 12:05PM | 4 | THIS NARROW RANGE, BUT IT MAY BE EQUIVALENT AS TO THE BROADER |
| 12:05PM | 5 | RANGE THAT ENCOMPASSES THE OTHER RANGE.  THOSE THINGS ARE |
| 12:05PM | 6 | MUTUALLY EXCLUSIVE.  YOU CAN'T HAVE BOTH.  IT CAN'T BE OUT OF |
| 12:06PM | 7 | THE 5-TO-1 TO -- I'LL SLOW DOWN.  IT CAN'T BE OUTSIDE OF THE |
| 12:06PM | 8 | 5-TO-1 TO 201 RATIO AND SIMULTANEOUSLY INSIDE THE 10-TO-1 TO |
| 12:06PM | 9 | 101 RATIO. |
| 12:06PM | 10 | THE COURT:  SO HERE'S A QUESTION FOR YOU, |
| 12:06PM | 11 | MR. MARSHALL, IF A PARTY PROVIDES CRYSTAL CLEAR ARTICULATIONS |
| 12:06PM | 12 | OF ITS THEORY, PLURAL, AND OF ITS INFRINGEMENTS THEORIES, AND |
| 12:06PM | 13 | THOSE THEORIES ARE IRRECONCILABLE WITH OTHER THEORIES UNDER |
| 12:06PM | 14 | 3-1, WHICH I TAKE IT TO BE YOUR POINT OR ONE OF YOUR POINTS |
| 12:06PM | 15 | THIS MORNING -- |
| 12:06PM | 16 | MR. MARSHALL:  ONE OF THEM. |
| 12:06PM | 17 | THE COURT:  -- AND IS YOUR ANSWER TO FILE FURTHER |
| 12:06PM | 18 | MOTION, TO FILE FURTHER DISCLOSURES OR IS THE ANSWER FROM |
| 12:06PM | 19 | PERSONS FROM A PERSPECTIVE LIKE YOURS TO SEEK SUMMARY JUDGMENT |
| 12:06PM | 20 | OR DISMISSAL ON A SUMMARY JUDGMENT BASIS? |
| 12:07PM | 21 | MR. MARSHALL:  WELL, I THINK HERE THAT WAS ONE POINT |
| 12:07PM | 22 | THAT WAS ILLUSTRATIVE, THE FACT THAT WHAT WE REALLY HAVE HERE |
| 12:07PM | 23 | IS JUST BOILERPLATE CONTENTIONS, ONE AFTER THE OTHER. |
| 12:07PM | 24 | SO THEY'RE JUST REPEATING THE CLAIM LANGUAGE AND JUST |
| 12:07PM | 25 | SAYING THAT THE NUTRITIONAL SUPPLEMENT PRODUCTS THAT MY CLIENT |

12:07PM 1    SELLS HAS THE ELEMENTS.

12:07PM 2        WELL, WHEN THEY ACCUSED US OF PATENT INFRINGEMENT, WE KNEW

12:07PM 3    THAT THEY THOUGHT THAT WE WERE WITHIN EACH ELEMENT.  THAT'S ALL

12:07PM 4    THEY HAVE DONE WITH THE CONTINGENTS HERE.

12:07PM 5        IF LOCAL RULE 3-1 ALLOWS YOU TO SIMPLY REPEAT THE

12:07PM 6    BOILERPLATE LANGUAGE OF THE CLAIM AND SAY IT HAS GOT THAT, THEN

12:07PM 7    THERE'S NO PURPOSE TO IT AT ALL.

12:07PM 8        LET ME PROVIDE YOU WITH A COUPLE MORE EXAMPLES.  FOR

12:07PM 9    EXAMPLE, CLAIM 8 SAYS THAT THERE'S A SECOND DISEASE TREATMENT

12:07PM 10   AGENT THAT IS PROVIDED, CLAIM 8 OF THE '599 PATENT -- AND, I'M

12:08PM 11   SORRY -- CLAIM 6, THE METHOD OF CLAIM 1 WHEREIN SAID

12:08PM 12   ADMINISTERING FURTHER COMPRISES ADMINISTERING A SECOND DISEASE

12:08PM 13   TREATMENT AGENT.

12:08PM 14       WELL, THEIR INFRINGEMENT CONTENTION, THIS IS PAGE 21 OF

12:08PM 15   THEIR CONTENTIONS, JUST SAYS THAT "THE OLIVAMINE CAPSULE

12:08PM 16   PRODUCT LITERALLY INFRINGES THIS CLAIM FOR THE SAME REASONS OF

12:08PM 17   THE CLAIM 1 ABOVE AND BECAUSE THE ADMINISTRATION FURTHER

12:08PM 18   COMPRISES ADMINISTERING A SECOND DISEASE TREATMENT AGENT."

12:08PM 19       WELL, WHAT IS THE SECOND DISEASE TREATMENT AGENT?

12:08PM 20       WE'RE LEFT TO WONDER WHAT IT IS SPECIFICALLY WITHIN OUR

12:08PM 21   PRODUCT THAT THEY'RE SAYING IS WITHIN THE SCOPE OF THE

12:08PM 22   LIMITATIONS, AND THAT'S THE PROBLEM WITH SIMPLY REPEATING

12:08PM 23   BOILERPLATE WHAT THE CLAIM LANGUAGE SAYS IS THAT WE DON'T KNOW

12:08PM 24   WHAT THEY'RE SAYING IN OUR PRODUCT IS WITHIN THE SCOPE OF THE

12:08PM 25   LIMITATION.

12:08PM  1          THE COURT:  DOESN'T THE SPECIFICITY REQUIREMENT

12:08PM  2     UNDER 3-1 APPLY TO THE EXTENT ONE IS ABLE TO BE SPECIFIC?  IN

12:09PM  3     OTHER WORDS, ONE MAY NOT BE MORE SPECIFIC THAN ONE MIGHT

12:09PM  4     REASONABLY BE ABLE TO AT THE POINT THAT THE DISCLOSURE IS

12:09PM  5     REQUIRED, FAIR ENOUGH?

12:09PM  6          MR. MARSHALL:  WELL, I WOULD AGREE WITH THAT, BUT

12:09PM  7     HERE I THINK THEY HAD A RULE 11 REQUIREMENT.

12:09PM  8          THE COURT:  BUT YOU DIDN'T BRING A RULE 11 MOTION,

12:09PM  9     RIGHT?  YOU'LL NOTICE THAT I'M A BIT PERSNICKETY ABOUT

12:09PM 10     PROCEDURAL POSTURE OF MOTIONS, AND IT'S NOT BECAUSE I ENJOY

12:09PM 11     THIS, AS MUCH AS I DO, BECAUSE IT'S THE STANDARDS THAT APPLY IN

12:09PM 12     THE POSTURE OR CONTEXT ARE OFTEN DIFFERENT.

12:09PM 13     SO IF I'M LOOKING AT AN ISSUE THAT YOU MAY BE LEGITIMATELY

12:09PM 14     RAISING UNDER RULE 11, I MIGHT BE APPLYING A DIFFERENT STANDARD

12:09PM 15     THAT WOULD APPLY UNDER A PATENT LOCAL RULE THAT SIMPLY

12:09PM 16     SPECIFIES SPECIFICITY TO BE REASONABLY POSSIBLE.

12:09PM 17     SO, AGAIN, I'LL GO BACK TO THE MOTION THAT YOU BROUGHT

12:09PM 18     RATHER THAN THE ONE THAT YOU DIDN'T BRING UNDER 3-1, IF THEY

12:09PM 19     CAN'T BE ANY MORE SPECIFIC, THEY DON'T HAVE TO BE, RIGHT?

12:10PM 20          MR. MARSHALL:  I SUPPOSE THAT'S TRUE, IF IT'S TRULY

12:10PM 21     IMPOSSIBLE FOR THEM TO BE MORE SPECIFIC, THEN THEY CAN ONLY

12:10PM 22     PROVIDE THE INFORMATION THAT THEY HAVE.

12:10PM 23     BUT I WOULD POINT THE COURT TO THE NETWORK CACHING CASE,

12:10PM 24     WHICH WAS A DECISION BY JUDGE WALKER WHERE HE SAID THAT ANY

12:10PM 25     FACT DISCOVERY DURING A PREFILING INVESTIGATION COMES WITHIN

12:10PM  1     THE BOUNDS OF PATENT LOCAL RULE 3-1.

12:10PM  2          THE COURT:  OH, YEAH.  SO IF THEY HAVE THE

12:10PM  3     INFORMATION IN HAND, I THINK WHAT JUDGE WALKER WAS ALLUDING TO,

12:10PM  4     THEY HAVE AN OBLIGATION UNDER 3-1 TO DISCLOSE IT.

12:10PM  5       WHAT IF THEY DON'T HAVE IT, THOUGH?

12:10PM  6          MR. MARSHALL:  WELL, THEN I DON'T KNOW HOW THEY

12:10PM  7     COULD POSSIBLY BE ACCUSING US OF INFRINGEMENT.  EITHER THEY

12:10PM  8     THINK THAT THERE'S A SECOND DISEASE TREATMENT AGENT IN THE

12:10PM  9     PRODUCT OR THEY DON'T.  AND IF THEY THINK THAT THERE IS ONE,

12:10PM  10    THEN THEY SHOULD TELL US WHAT IT IS.

12:10PM  11      IF THEY DON'T THINK THAT THERE IS ONE, THEN THEY SHOULDN'T

12:10PM  12    BE ACCUSING US OF INFRINGING THIS CLAIM.  IT'S THAT SIMPLE FROM

12:10PM  13    OUR PERSPECTIVE.

12:10PM  14      AND, YOU KNOW, THE SAME THING IS TRUE WITH THE RATIOS THAT

12:11PM  15    I WAS REFERRING TO.

12:11PM  16      IF THEY THINK THAT WE WERE WITHIN THE SCOPE OF THE RATIOS,

12:11PM  17    THEY SHOULD TELL US WHAT RATIO THEY THINK THAT WE HAVE, AND IF

12:11PM  18    WE'RE NOT, THEN THEY SHOULD ACCUSE US OF INFRINGEMENT UNDER

12:11PM  19    EQUIVALENCE OR NOT ACCUSE US AT ALL.

12:11PM  20         THE COURT:  BUT IF THEY DON'T HAVE A REASONABLE

12:11PM  21    BASIS UPON WHICH TO IDENTIFY THE PARTICULAR RATIO OF, AM I

12:11PM  22    PRONOUNCING THIS CORRECTLY, HYDROXYTYROSOL.

12:11PM  23         MR. MARSHALL:  HYDROXYTYROSOL.

12:11PM  24         THE COURT:  HYDROXYTYROSOL TO -- I'M GOING TO

12:11PM  25    PRONOUNCE THIS INCORRECTLY -- OLEUROPIEN.

12:11PM  1          MR. MARSHALL:  I'VE BEEN PRONOUNCING IT OLEUROPIEN.

12:11PM  2          THE COURT:  OLEUROPIEN.  IF THEY'RE UNABLE TO

12:11PM  3   PARTICULARIZE THE PRECISE RATIO OF THOSE ELEMENTS, DOES THAT

12:11PM  4   PRECLUDE THEM FROM PURSUING AN INFRINGEMENT CLAIM WHERE THE

12:11PM  5   ASSERTED CLAIM DISCLOSES A RANGE RATHER THAN A PARTICULAR

12:11PM  6   RATIO?

12:11PM  7          IN OTHER WORDS, HELP ME OUT WITH THE THEORY HERE.

12:12PM  8          MR. MARSHALL:  WELL, THE THEORY FROM MY PERSPECTIVE

12:12PM  9   IS THAT THEY HAD TO SET SOME BASIS FOR FILING THE LAWSUIT AND

12:12PM  10  ACCUSING US OF INFRINGING THESE CLAIMS.  WE WANT TO KNOW WHAT

12:12PM  11  THAT BASIS IS.

12:12PM  12         IF THE ANSWER IS THAT THEY HAVE NOT DONE ANY TESTING, THEN

12:12PM  13  FINE, WE'RE ENTITLED TO KNOW THAT.

12:12PM  14         IF THE ANSWER IS THAT THEY DON'T KNOW PRECISELY WHAT RATIO

12:12PM  15  OUR PRODUCTS HAVE, THEN FINE, WE'RE ENTITLED TO KNOW THAT.

12:12PM  16         IF ALL THEY CAN SAY IS THAT WE THINK IT'S WITHIN 5-TO-1 TO

12:12PM  17  70-TO-1, THEN WE'RE ENTITLED TO KNOW THAT.

12:12PM  18         ALL WE WANT TO KNOW IS WHAT WITH SPECIFICITY ARE THEY

12:12PM  19  ACCUSING US OF INFRINGING HERE.

12:12PM  20         WE --

12:12PM  21         THE COURT:  SO WHAT IF THEY BELIEVE, WHAT IF THEY

12:12PM  22  HAVE A GOOD RATIO THAT IT'S BETWEEN 5-TO-1 AND 7-TO-1; IS THAT

12:12PM  23  ENOUGH?

12:12PM  24         MR. MARSHALL:  UNDER THE CASE LAW WE'RE ENTITLED TO

12:12PM  25  KNOW WHAT THAT BASIS IS.

12:13PM 1          THE COURT:  BUT THE BASIS IS NOT SOMETHING THAT IS

12:13PM 2    COMPELLED UNDER 3-1, IS IT?

12:13PM 3          MR. MARSHALL:  WELL, IT'S CLEAR TO ME THAT YOU READ

12:13PM 4    THE RULE MUCH MORE LITERALLY.

12:13PM 5          THE COURT:  I'M READING THE LANGUAGE OF THE RULE.

12:13PM 6    THIS IS NOT MY INTERPRETATION.

12:13PM 7          MR. MARSHALL:  I UNDERSTAND THAT.  I APPRECIATE

12:13PM 8    THAT.  I THINK THAT IF THAT'S ALL THAT THEY CAN SAY, THEN FINE,

12:13PM 9    BUT THEY, TO ME, IF YOU GO THROUGH THEIR CONTENTIONS ONE BY ONE

12:13PM 10   AND YOU LOOK AT THE BOILERPLATE DOCTRINE OF EQUIVALENTS, WHICH

12:13PM 11   IS THE SAME, AND EVERY SINGLE ELEMENT AND THERE'S NO

12:13PM 12   SPECIFICITY, AND YOU LOOK AT THE LITERAL INFRINGEMENT

12:13PM 13   CONTENTION WHICH ALMOST WITHOUT EXCEPTION JUST SIMPLY REPEATS

12:13PM 14   THE LANGUAGE OF THE CLAIM, WHAT THEY ARE DOING HERE IS THAT

12:13PM 15   THEY ARE TRYING TO DODGE THE REQUIREMENT OF LOCAL RULE 3-1 BY

12:13PM 16   NOT IDENTIFYING SPECIFICALLY WHAT WITHIN THE PRODUCT COMES

12:13PM 17   WITHIN THE ELEMENTS.

12:14PM 18          THE COURT:  EXCEPT THAT THEY MAY NOT KNOW THAT, AND

12:14PM 19   I THOUGHT WE JUST TALKED A FEW MINUTES AGO THAT THEIR NOT

12:14PM 20   KNOWING SPECIFICALLY THE PHARMACOLOGICAL COMPOUND OR THE

12:14PM 21   MECHANISM WITHIN THE ACCUSED COMPOUND WHICH MEETS THE

12:14PM 22   LIMITATION DOESN'T PRECLUDE THEM FROM PURSUING A CLAIM OF

12:14PM 23   INFRINGEMENT OR FOR SIMPLY CLAIMING A RANGE CONSISTENT WITH

12:14PM 24   3-1.  I THOUGHT WE AGREED ON THAT JUST A MOMENT AGO.

12:14PM 25          MR. MARSHALL:  PERHAPS WE'RE TALKING ABOUT TWO

12:14PM 1    DIFFERENT THINGS.  I THINK, YOUR HONOR, IF THEY DON'T KNOW WHAT

12:14PM 2    THE RANGE IS, WHAT THE RATIO IS BETWEEN OUR COMPOUNDS, THEN WE

12:14PM 3    SHOULDN'T BE HERE AT ALL, QUITE FRANKLY.

12:14PM 4        I MEAN, THERE IS NO -- IF THEY HAVE NOT DONE THAT SIMPLE

12:14PM 5    HOMEWORK HERE, THEN THERE'S NO REASON FOR US TO BE IN COURT

12:14PM 6    WASTING YOUR TIME.

12:14PM 7        THIS IS THE MOST BASIC.  I MEAN, IF YOU READ THE PATENTS,

12:14PM 8    IT'S THE POINT OF NOVELTY FOR THEIR CLAIMS.  IT IS THE MOST

12:15PM 9    BASIC ASPECT OF THESE PATENTS, AND IF WE DON'T KNOW, THEN WHY

12:15PM 10   ARE WE HERE?  AND JUST TO REENFORCE THE POINT THAT I'M MAKING,

12:15PM 11   IF I COULD APPROACH.

12:15PM 12           THE COURT:  SURE.  YOU CAN HAND IT TO MY DEPUTY.

12:15PM 13           MR. MARSHALL:  THESE ARE THE INTERROGATORY RESPONSES

12:15PM 14   THAT WE WERE SERVED LAST WEEK, AND I WANT TO POINT THE COURT TO

12:15PM 15   A COUPLE OF THEM TO GIVE THE COURT A SENSE OF WHAT WE'RE

12:15PM 16   DEALING WITH HERE.

12:15PM 17       WE ASKED IN INTERROGATORY 5 DESCRIBE ANY INVESTIGATION

12:15PM 18   PERFORMED BY CREAGRI INTO THE ACCUSED PRODUCTS, FOR EXAMPLE?

12:15PM 19   OBJECTIONS.

12:15PM 20       INTERROGATORY 6.  ALL EFFORTS TAKEN TO DETERMINE WHETHER

12:15PM 21   THE ACCUSED PRODUCTS FALL WITHIN THE SCOPE OF THE PATENTS IN

12:15PM 22   SUIT INCLUDING LABORATORY TESTING?  NOTHING BUT OBJECTIONS.

12:16PM 23       IF YOU LOOK AT 8, 9, AND 10, WE ASK THEM TO IDENTIFY

12:16PM 24   THINGS THAT THEY DESCRIBE IN THEIR INFRINGEMENT CONTENTIONS.

12:16PM 25       8.  DESCRIBE THE FACTS RELATED TO THIS WAS INDUCEMENT OF

```
12:16PM   1    INFRINGEMENT ALLEGATION, AND WE'RE QUOTING FROM THEIR

12:16PM   2    INFRINGEMENT CONTENTIONS.

12:16PM   3         WHAT IS THEIR RESPONSE?  GO LOOK AT OUR INFRINGEMENT

12:16PM   4    CONTENTIONS.

12:16PM   5         9.  THE SAME THING BUT FOR CONTRIBUTORY.  WE ASKED THEM

12:16PM   6    WHAT IS THE BASIS FOR THEM SAYING THAT IN THEIR INFRINGEMENT

12:16PM   7    CONTENTIONS?

12:16PM   8         THEIR RESPONSE:  GO LOOK AT OUR INFRINGEMENT CONTENTIONS.

12:16PM   9         YOUR HONOR, WE'RE NOT GETTING ANY INFORMATION HERE AS TO

12:16PM  10    HOW OUR CLIENT SUPPOSEDLY INFRINGES -- MY CLIENT SUPPOSEDLY

12:17PM  11    INFRINGES THESE PATENT CLAIMS.

12:17PM  12         YOU CAN'T SIMPLY REPEAT OVER AND OVER AGAIN THE LANGUAGE

12:17PM  13    OF CLAIMS AND SAY THAT'S ENOUGH UNDER LOCAL RULE 3-1.

12:17PM  14              THE COURT:  WELL, LET'S TALK ABOUT THE RATIO, SINCE

12:17PM  15    WE HAVE SPENT SOME TIME THIS MORNING ON THAT PARTICULAR ISSUE.

12:17PM  16         DO YOUR ADVERTISEMENTS, YOUR MARKETING MATERIALS,

12:17PM  17    ARTICULATE A PARTICULAR RATIO OR A RATIO THAT FALLS WITHIN THE

12:17PM  18    RANGE?

12:17PM  19              MR. MARSHALL:  NO, YOUR HONOR.

12:17PM  20              THE COURT:  SO THERE'S NOTHING IN ANY OF THOSE

12:17PM  21    MATERIALS THAT SHOULD GIVE THEM ANY CLUE OR SUGGESTION THAT

12:17PM  22    YOU'RE SOMEWHERE BETWEEN 5-TO-1 AND 200-TO-1 AS ONE EXAMPLE?

12:17PM  23              MR. MARSHALL:  I HAVE NOT SEEN ANYTHING THAT DOES

12:17PM  24    THAT, YOUR HONOR.  AND AS FAR AS I KNOW, THEY HAVE NOT CITED TO

12:17PM  25    ANYTHING THAT DOES THAT.  THEY DO SAY THAT THEY -- THEY DO
```

12:17PM 1    REFER TO THE INGREDIENT LIST FOR OUR PRODUCTS WHICH SAYS THAT

12:17PM 2    IT CONTAINS 7 PERCENT HYDROXYTYROSOL STANDARDIZED, BUT THERE'S

12:17PM 3    NOTHING IN THE INGREDIENT LIST THAT SAYS ANYTHING ABOUT

12:18PM 4    OLEUROPIEN.  IT MAY HAVE A LOT MORE OLEUROPIEN, IT MAY HAVE A

12:18PM 5    LOT LESS.

12:18PM 6        THERE'S NOTHING THAT I'M AWARE OF IN THE PRODUCT

12:18PM 7    LITERATURE OR THAT THEY HAVE CITED TO OR THAT THEY HAVE

12:18PM 8    MENTIONED IN THEIR INFRINGEMENT CONTENTIONS THAT SAYS ANYTHING

12:18PM 9    AS TO A QUANTITY OF OLEUROPIEN.

12:18PM 10        THE COURT:  ALL RIGHT.  ONE OTHER QUESTION FOR YOU

12:18PM 11   ON THE INDIRECT AND CONTRIBUTORY INFRINGEMENT CLAIMS.  I DIDN'T

12:18PM 12   SEE ANY DISCUSSION IN THE PAPERS.  IT MAY NOT HAVE BEEN

12:18PM 13   PUBLISHED, BUT THE FEDERAL CIRCUIT HAS RECENTLY HAD SOMETHING

12:18PM 14   TO SAY ABOUT IDENTIFICATION OF DIRECT INFRINGEMENT IN THE

12:18PM 15   AKAMAI DECISION.  WHY DON'T YOU TELL ME WHAT YOU THINK THAT

12:18PM 16   CASE INFORMS US ABOUT THEIR OBLIGATION TO DISCLOSE.

12:18PM 17        MR. MARSHALL:  WELL, I THOUGHT I KNEW EXACTLY WHERE

12:18PM 18   YOU WERE GOING, AND I THOUGHT YOU WERE GOING TO BRING UP IN RE:

12:18PM 19   BILL OF LADING THINGS AND MAYBE THEY'RE SAYING THE SAME THING

12:18PM 20   AND I'M NOT FAMILIAR WITH THE CASE YOU MENTIONED.

12:18PM 21        WE FILED A MOTION TO DISMISS IN THIS CASE WITH RESPECT TO

12:19PM 22   THE '599 PATENT, THE METHOD CLAIMS, ON THE BASIS THAT UNDER THE

12:19PM 23   FEDERAL CIRCUIT'S NEW JURISPRUDENCE THAT IT'S SUBJECT TO THE

12:19PM 24   TWOMBLY AND IQBAL STANDARDS, THAT YOU HAVE TO PLEAD SUFFICIENT

12:19PM 25   FACTS TO SHOW THAT THE CLAIMS WERE ACTUALLY PLAUSIBLE AND THAT

12:19PM 1    YOU CAN'T JUST GET AWAY WITH A SORT OF THE FORM COMPLAINT THAT

12:19PM 2    YOU CAN USE SOMETIMES FOR DIRECT INFRINGEMENT ALLEGATIONS.

12:19PM 3              THE COURT:  WELL, I WILL LEAVE THAT MOTION TO JUDGE

12:19PM 4    KOH.  I SUSPECT THAT SHE WILL GRAPPLE WITH IT IN DUE COURSE.

12:19PM 5         BUT MY QUESTION REALLY HAS TO DO WITH THE OBLIGATION OF A

12:19PM 6    PARTY TO NAME SPECIFIC THIRD PARTY DIRECT INFRINGERS

12:19PM 7    POST-AKAMAI, OR MORE GENERALLY, DO YOU BELIEVE THAT THERE'S AN

12:19PM 8    OBLIGATION TO PROVE THAT AT TRIAL, AND, IF SO, OR IF NOT, I

12:19PM 9    SHOULD SAY, IS THERE AN OBLIGATION TO MAKE SUCH A DISCLOSURE OF

12:19PM 10   THIRD PARTIES BY NAME IN THE 3-1 CONTENTIONS?

12:19PM 11             MR. MARSHALL:  WELL, 3-1 SAYS, AND THIS IS 3-1-D,

12:19PM 12   FOR EACH CLAIM, WHICH IS ALLEGED TO HAVE BEEN INDIRECTLY

12:20PM 13   INFRINGED, AN IDENTIFICATION OF ANY DIRECT INFRINGEMENT.  SO

12:20PM 14   THAT SEEMS PRETTY SPECIFIC.

12:20PM 15             THE COURT:  WE WERE KIND OF DODGING THAT LANGUAGE,

12:20PM 16   WEREN'T WE, WHEN WE DRAFTED THAT RULE?  IT DOESN'T SPECIFICALLY

12:20PM 17   SAY, "INFRINGER."  IT SAYS, POINT ME TO THE INFRINGEMENT AND

12:20PM 18   PERHAPS WE WERE ACTUALLY ANTICIPATING WHERE THE FEDERAL CIRCUIT

12:20PM 19   WAS GOING.

12:20PM 20             MR. MARSHALL:  WELL, IT SAYS THAT IN THE FIRST PART

12:20PM 21   AND IT SAYS AND A DESCRIPTION OF THE ACTS OF THE ALLEGED

12:20PM 22   INDIRECT INFRINGER.

12:20PM 23             THE COURT:  YEP.

12:20PM 24             MR. MARSHALL:  AND THAT CONTRIBUTE TO OR CONTRIBUTE

12:20PM 25   TO THE DIRECT INFRINGER.

12:20PM  1          AND THERE WAS A DECISION I BELIEVE IT WAS JUDGE ILLSTON IN

12:20PM  2    THE BENDER VERSUS MAXIM CASE WHERE THE COURT SAID THAT THE

12:20PM  3    PARTY HAD NOT COMPLIED BECAUSE THEY DID NOT IDENTIFY ANY

12:20PM  4    THIRD -- DID NOT SPECIFICALLY IDENTIFY ANY THIRD PARTY AND DID

12:20PM  5    NOT DESCRIBE ANY ACTS BY THAT THIRD PARTY THAT WOULD SUGGEST

12:20PM  6    DIRECT INFRINGEMENT.

12:20PM  7          I THINK HERE WHEN THE RULE SAYS THAT YOU HAVE TO DESCRIBE

12:20PM  8    THE ACTS OF THE ALLEGED INDIRECT INFRINGER, I THINK AT LEAST

12:21PM  9    IMPLICITLY, IF NOT EXPLICITLY, THE RULE SAYING THAT, YOU KNOW,

12:21PM  10   TELL THE DEFENDANT WHAT YOU KNOW ABOUT THIRD PARTIES WHO ARE

12:21PM  11   DIRECTLY INFRINGING AND TELL THE DEFENDANT PRECISELY WHAT THOSE

12:21PM  12   THIRD PARTIES ARE DOING THAT CONSTITUTES INFRINGEMENT.

12:21PM  13         AND IT DOES IN MY MIND MERRY UP QUITE NICELY WITH WHAT THE

12:21PM  14   FEDERAL CIRCUIT IS NOW SAYING ABOUT IN TERMS OF WHAT IS

12:21PM  15   REQUIRED IN ORDER TO PLEAD.

12:21PM  16         NOW, AGAIN, I DON'T REQUIRE A PRECISE CASE THAT YOU WERE

12:21PM  17   THINKING OF BUT THE IN RE: BILL OF LADING CASE SAYS THAT YOU

12:21PM  18   DON'T HAVE TO NECESSARILY, TO SURVIVE A 12(B)(6) MOTION, YOU

12:21PM  19   DON'T NECESSARILY HAVE TO IDENTIFY BY NAME A SPECIFIC THIRD

12:21PM  20   PARTY.

12:21PM  21         BUT IT DID SAY THAT YOU HAD TO PLEAD ENOUGH FACTS TO SHOW

12:21PM  22   THAT IT WOULD -- THAT IT'S PLAUSIBLE THAT A THIRD PARTY WOULD

12:22PM  23   BE DIRECTLY INFRINGING AND YOU HAVE TO SAY EXACTLY WHAT THEY

12:22PM  24   WOULD BE DOING.

12:22PM  25              THE COURT:  SO THERE'S A REASON WHY I DIDN'T GO TO

| | |
|---|---|
| 12:22PM | 1 |
| 12:22PM | 2 |
| 12:22PM | 3 |
| 12:22PM | 4 |
| 12:22PM | 5 |
| 12:22PM | 6 |
| 12:22PM | 7 |
| 12:22PM | 8 |
| 12:22PM | 9 |
| 12:22PM | 10 |
| 12:22PM | 11 |
| 12:22PM | 12 |
| 12:22PM | 13 |
| 12:22PM | 14 |
| 12:23PM | 15 |
| 12:23PM | 16 |
| 12:23PM | 17 |
| 12:23PM | 18 |
| 12:23PM | 19 |
| 12:23PM | 20 |
| 12:23PM | 21 |
| 12:23PM | 22 |
| 12:23PM | 23 |
| 12:23PM | 24 |
| 12:23PM | 25 |

1    IN RE: BILL OF LADING, IT'S A RULE 12 CASE AS I UNDERSTAND IT,

2    RIGHT?

3              MR. MARSHALL:  YES.

4              THE COURT:  AND WE'RE TALKING ABOUT CONTENTIONS THAT

5    ARE MADE EITHER FOLLOWING OR IN CONJUNCTION WITH A RULE 12

6    MOTION.  SO I THINK THE PROCEDURAL POSTURE IS SLIGHTLY

7    DIFFERENT.

8         BUT LET'S TAKE THIS OR PLAY THIS OUT FOR A MOMENT.  AS I

9    UNDERSTAND IT, UNDER EITHER THE RULE 12 STANDARD ADDRESSED IN

10   EITHER BILL OF LADING OR UNDER JUDGE ILLSTON'S JURISPRUDENCE,

11   FOR EXAMPLE, UNDER BENDER OR AS I READ THE PLAIN LANGUAGE OF

12   THE LOCAL RULE, IT IS THE ACTS OF INFRINGEMENT WHICH ARE AT

13   ISSUE OR WHICH MUST BE IDENTIFIED OR ADDRESSED, WHETHER WE'RE

14   TALKING ABOUT THE COMPLAINT, A 3-1 DISCLOSURE, OR BOTH.

15        IN THIS INSTANCE, AS I UNDERSTAND THEIR CONTENTIONS,

16   THEY'RE SAYING WHAT SHOULD BE RELATIVELY OBVIOUS, WHICH IS YOUR

17   CUSTOMERS ARE TAKING YOUR ENCOURAGEMENT IN INFRINGING THEIR

18   PATENT.

19        AND DOESN'T THEIR CONTENTION, TO SAY NOTHING OF THE

20   ORIGINAL COMPLAINT, PROVIDE YOU WITH A SUFFICIENT BASIS TO

21   UNDERSTAND THAT IT'S THE CUSTOMERS THAT ARE, IN FACT,

22   COMMITTING THE DIRECT INFRINGEMENT?

23              MR. MARSHALL:  WELL, YES, THEY DO SAY THAT THE

24   CUSTOMERS ARE DOING THIS.

25              THE COURT:  SO WOULD YOU HAVE THEM IDENTIFY SPECIFIC

12:23PM 1   CUSTOMERS?

12:23PM 2         MR. MARSHALL:  IF THEY'RE AWARE OF ANYTHING.

12:23PM 3         THE COURT:  AND IF THEY'RE NOT?

12:23PM 4         MR. MARSHALL:  WELL, IF THEY'RE NOT, THEN THEY NEED

12:23PM 5   TO TELL US EXACTLY WHAT THEY THINK THAT OUR CUSTOMERS ARE

12:23PM 6   DOING.

12:23PM 7         THE COURT:  THEY'RE SWALLOWING.

12:23PM 8         MR. MARSHALL:  THAT'S NOT ENOUGH UNDER THE CLAIMS,

12:23PM 9   YOUR HONOR.

12:23PM 10        THE COURT:  OKAY.

12:23PM 11        MR. MARSHALL:  THE CLAIMS REQUIRE, FOR EXAMPLE,

12:23PM 12  WE'LL LOOK AT CLAIM 1 OF THE '599.  THERE'S REFERENCE TO A

12:24PM 13  DETECTABLE CLINICAL SYMPTOM OR A CHANGE IN A LEVEL OF A

12:24PM 14  BIOCHEMICAL MARKER.  THAT'S IN THE PREAMBLE, BUT THEN THAT'S

12:24PM 15  USED FOR AN ANTECEDENT BASIS LATER IN THE CLAIMS AND SO IT

12:24PM 16  COMES IN.

12:24PM 17       SO, FOR EXAMPLE, THE FIRST, SECOND, THIRD ELEMENT SAYS

12:24PM 18  THAT AND "CONTINUING SAID ADMINISTRATION UNTIL THERE IS

12:24PM 19  OBSERVED A RETURN OF THE MARKER LEVEL TO THE NORMAL RANGE OR A

12:24PM 20  DESIRED CHANGE IN THE CLINICAL SYMPTOM."

12:24PM 21       AND WHAT THEY SAY IN THEIR CONTENTIONS IS THE OLIVAMINE

12:24PM 22  CAPSULE PRODUCT IS ADMINISTERED TO SUBJECTS TO TREAT AN

12:24PM 23  INFLAMMATORY CONDITION UNTIL THERE IS OBSERVED A RETURN TO THE

12:24PM 24  MARKER LEVEL TO THE NORMAL RANGE OR A DESIRED CHANGE IN THE

12:24PM 25  CLINICAL SYMPTOM.

12:25PM  1      SO MY QUESTION IS WHAT INFLAMMATORY CONDITION ARE THE

12:25PM  2  CUSTOMERS TREATING?  WHAT MARKER LEVEL ARE THEY MAKING

12:25PM  3  OBSERVATIONS OF WITH RESPECT TO THE ADMINISTRATION OF THIS

12:25PM  4  PRODUCT?  AND WHAT DESIRED CHANGE ARE THEY ATTEMPTING TO

12:25PM  5  ACHIEVE IN THE CLINICAL SYMPTOM?  WE DON'T HAVE ANY OF THAT

12:25PM  6  INFORMATION.

12:25PM  7      INSTEAD, WITH RESPECT TO THE INDUCEMENT ALLEGATIONS HERE,

12:25PM  8  THEY HAVE CITED TO US SOME 400 PAGES OF SCIENTIFIC ARTICLES

12:25PM  9  THAT ARE LISTED ON OUR -- MY CLIENT'S WEBSITE AND A LIST OF

12:25PM  10  SOMEWHERE BETWEEN 150 TO 200 ARTICLES.  THERE'S NO SPECIFICITY

12:25PM  11  AT ALL ABOUT WHAT WITHIN THOSE ARTICLES THEY THINK THAT OUR

12:26PM  12  CUSTOMERS ARE DOING OR EVEN WHAT IS WITHIN THOSE ARTICLES THAT

12:26PM  13  THEY THINK WOULD COME WITHIN THE SCOPE OF THE CLAIMS IF, IN

12:26PM  14  FACT, THE CUSTOMERS WERE READING AND FOLLOWING THE ARTICLES.

12:26PM  15      I MEAN, THIS IS PARTICULARLY PERPLEXING TO ME BECAUSE THIS

12:26PM  16  IS A NUTRITIONAL SUPPLEMENT, AND THE CLAIMS READ IT AS IF A

12:26PM  17  DOCTOR IS MONITORING TREATMENT, YOU KNOW, LOOKING AT, FOR

12:26PM  18  EXAMPLE, ELEVATED LEVELS OF C-REACTIVE PROTEINS, WHICH IS ONE

12:26PM  19  OF THE POSSIBLE MARKERS.

12:26PM  20      SO WHAT IS IT EXACTLY DO THEY THINK THAT OUR CUSTOMERS ARE

12:26PM  21  DOING?  ARE THEY MEASURING THE LEVELS OF REACTIVE, C-REACTIVE

12:26PM  22  PROTEINS THEIRSELVES OR ARE THEY USING OR LOOKING AT ELEVATED

12:27PM  23  CFS LEVELS OF ISOPROSTANES, WHICH IS ANOTHER ONE OF THE

12:27PM  24  POSSIBLE, MINI POSSIBLE CLINICAL MARKERS HERE.

12:27PM  25      SO WE READ THE INFRINGEMENT CONTENTIONS, YOUR HONOR, AND

12:27PM 1    WE HAVE NO IDEA WHAT THEY THINK OUR CUSTOMERS ARE SPECIFICALLY

12:27PM 2    DOING.  WE JUST DON'T KNOW.

12:27PM 3         AND THE LOCAL RULE REQUIRES THEM TO DESCRIBE THE ACTS OF

12:27PM 4    THE ALLEGED INDIRECT INFRINGER THAT CONTRIBUTE AND THE

12:27PM 5    IDENTIFICATION OF THE DIRECT INFRINGEMENT.

12:27PM 6         WE JUST DON'T KNOW, YOUR HONOR.  WE HAVE NO WAY TO TELL.

12:27PM 7              THE COURT:  ALL RIGHT.  I UNDERSTAND YOUR POSITION,

12:27PM 8    MR. MARSHALL.  I'LL GIVE YOU A FEW MINUTES FOR REBUTTAL AS

12:27PM 9    WELL.

12:27PM 10             MR. MARSHALL:  THANK YOU.

12:27PM 11             THE COURT:  THANK YOU.  MR. ANDRE.

12:27PM 12             MR. ANDRE:  THANK YOU, YOUR HONOR.  I THINK YOUR

12:28PM 13   HONOR HIT MOST OF THE POINTS I WANTED TO ADDRESS.  3-1 DOESN'T

12:28PM 14   REQUIRE EVIDENCE.

12:28PM 15        WE CITED A CONSIDERABLE AMOUNT OF EVIDENCE IN OUR 3-1

12:28PM 16   CONTENTIONS AND WE GAVE THEM SPECIFIC DOCUMENTS AND PAGE

12:28PM 17   NUMBERS AND THEIR OWN PUBLIC INFORMATION, SCIENTIFIC

12:28PM 18   LITERATURE, ANYTHING THAT WE HAD THAT WOULD SHOW THE ELEMENT

12:28PM 19   WAS BEING MET BY THE PRODUCT.

12:28PM 20        AND THEY TALK ABOUT WE JUST DID BULLET POINT LANGUAGE.  WE

12:28PM 21   DID EVERYTHING BUT THAT.  WE ACTUALLY WENT THROUGH AND I USED

12:28PM 22   THE WEIGHT RATIO HYDROXYTYROSOLS, FOR EXAMPLE.

12:28PM 23        NOW, THE HYDROXYTYROSOL IS MADE BY THE OLEUROPIEN.  SO

12:28PM 24   IT'S A LONG, ARDUOUS PROCESS TO CREATE HYDROXYTYROSOL AND YOU

12:28PM 25   WANT TO GET ENOUGH OF IT TO GET THE EFFECT.  WHEN THEY SAID

12:28PM 1   HAVE 7 PERCENT HYDROXYTYROSOL, THOSE IN THE FIELD KNOW THEY

12:28PM 2   HAVE NOT ENOUGH.  THE RATIO IS GOING TO BE A SIGNIFICANT RATIO.

12:28PM 3   WE CAN'T TELL YOU EXACTLY WHAT IT IS AT THIS POINT WITHOUT

12:29PM 4   GOING INTO THEIR PLAN.

12:29PM 5         THE COURT:  WOULD YOU AGREE THAT IT IS POSSIBLE TO

12:29PM 6   REACH THAT 7 PERCENT CONCENTRATION AND HAVE A RATIO THAT FALLS

12:29PM 7   OUTSIDE OF THE RATIO CLAIM IN YOUR ASSERTED CLAIMS?  THAT'S

12:29PM 8   ENTIRELY POSSIBLE, RIGHT?

12:29PM 9         MR. ANDRE:  IT'S FEASIBLE.  IT'S POSSIBLE, AND

12:29PM 10  THAT'S ONE OF THE REASONS THAT WE ALSO --

12:29PM 11        THE COURT:  AND SO IF IT'S POSSIBLE, THEN WHY ARE

12:29PM 12  THEY NOT ENTITLED TO UNDERSTAND WHAT RATIO IT IS THAT YOU'RE

12:29PM 13  SAYING THAT THEY'VE GOT, WHETHER YOU'RE RIGHT OR NOT, WE'LL

12:29PM 14  LEAVE THAT FOR ANOTHER DAY, WHY SHOULDN'T YOU HAVE TO TELL THEM

12:29PM 15  THAT?

12:29PM 16        MR. ANDRE:  WELL, MY UNDERSTANDING OF THOSE OF SKILL

12:29PM 17  IN THE ART'S UNDERSTANDING, IF YOU'RE AT 7 PERCENT, THE

12:29PM 18  RATIO -- YOU ARE GOING TO GET ABOVE THE LOWER RATIO.

12:29PM 19        THE COURT:  SO NOW YOU'RE SAYING YOU WILL FALL IN

12:29PM 20  THAT RANGE?

12:29PM 21        MR. ANDRE:  WE BELIEVE THAT'S CORRECT.

12:29PM 22        THE COURT:  AND DID YOU TELL THEM THAT IN YOUR

12:29PM 23  CONTENTIONS?

12:29PM 24        MR. ANDRE:  WE DID.  WE ACTUALLY PUT DOWN HERE IN

12:29PM 25  THE CONTENTIONS, THE PRODUCTS ARE HYDROXYTYROSOL, 7 PERCENT

```
12:29PM   1    STANDARDIZED, AND WE CITED ALL OF THE DOCUMENTS, AND,

12:29PM   2    THEREFORE, THAT RATIO OF HYDROXYTYROSOL WOULD BE WITHIN THAT

12:30PM   3    RANGE.

12:30PM   4         WHEN YOU GO THROUGH THAT PROCESS, YOU START WITH THE

12:30PM   5    OLEUROPIEN AND IT TAKES A LONG TIME AND THE OLEUROPIEN IS --

12:30PM   6    IT'S TURNED INTO THE HYDROXYTYROSOL AND YOU'RE NEVER GOING TO

12:30PM   7    GET RID OF ALL OF THE OLEUROPIEN AND YOU HAVE TO GO THROUGH ALL

12:30PM   8    OF THE HYDROLYSIS TO DO THAT SO YOU'LL GET A NICE RATIO BETWEEN

12:30PM   9    THE 2 AND WHEN YOU'RE AT 7 PERCENT, OUR CONTENTIONS ARE THAT

12:30PM  10    WHEN YOU'RE AT 7 PERCENT, THAT WOULD BE WITHIN THE RATIO AS

12:30PM  11    CITED WITHIN THE CLAIMS.

12:30PM  12            THE COURT:  SO YOUR CRYSTALIZED THEORY, TO USE THE

12:30PM  13    LANGUAGE OF THIS DISTRICT COURT, IS THAT, AND PERHAPS EVEN THE

12:30PM  14    FEDERAL CIRCUIT, YOUR THEORY IS THAT WITH THE 7 PERCENT

12:30PM  15    STANDARDIZED, YOU ARE AT A RATIO WITHIN THAT WHICH IS CLAIMED

12:30PM  16    BY YOUR ASSERTED CLAIMS?

12:30PM  17            MR. ANDRE:  THAT'S CORRECT, YOUR HONOR.  SO WE HAVE

12:30PM  18    IDENTIFIED TO THE BEST OF OUR ABILITY THEY'RE WITHIN THAT

12:30PM  19    RANGE.

12:30PM  20         NOW, THROUGH DISCOVERY WE'RE HOPING TO BE ABLE TO GET

12:30PM  21    SAMPLES OF THEIR AQUEOUS SOLUTION AND DO TESTING ON IT.

12:31PM  22         WE CAN'T DO TESTING ON THEIR FORMULATIONS BECAUSE THEY ADD

12:31PM  23    A BUNCH OF OTHER STUFF TO THE FORMULATION THAT WOULD MASK THE

12:31PM  24    HPC ANALYSIS.

12:31PM  25         SO WE IDENTIFY IT TO THE VERY BEST OF OUR KNOWLEDGE, TO
```

12:31PM  1    THE BEST OF OUR UNDERSTANDING AND THE 7 PERCENT STANDARDIZED

12:31PM  2    YOU FALL WITHIN THE RATIO.

12:31PM  3            THE COURT:  WELL, YOU DON'T NEED TO GET THEIR

12:31PM  4    COMPOUNDS THROUGH DISCOVERY.  THEY'RE SELLING IT DOWN AT GNC,

12:31PM  5    RIGHT?

12:31PM  6            MR. ANDRE:  YEAH, YOU CAN DO THAT.  BUT THE TESTING

12:31PM  7    AND THE FORMULATION ITSELF, IT'S NOT JUST THE HYDROXYTYROSOL

12:31PM  8    AND THE OLEUROPIEN.  THEY ADDED STUFF TO IT.  THEY ADDED

12:31PM  9    VITAMINS AND AMINO ACIDS AND WE STARTED DOING THE TESTING ON

12:31PM  10   THAT HIGH PERFORMANCE LIQUID CHROMATOGRAPHY ANALYSIS AND WHAT

12:31PM  11   HAPPENS IS THAT IT MEASURES CERTAIN CHEMICAL COMPOUNDS.  IF YOU

12:31PM  12   PUT A LOT OF SAPIENTS IN, IT KIND OF MASKS WHAT YOU'RE SEEING.

12:31PM  13           THE COURT:  IT'S HARD TO DO.  BUT MY POINT IS THAT

12:32PM  14   YOU DON'T NEED TO WAIT FOR DISCOVERY TO DO ALL OF THAT.  YOU

12:32PM  15   CAN GO DOWN TO THE DRUG STORE TOMORROW OR TODAY, RIGHT, AND GET

12:32PM  16   STARTED ON THIS VERY DIFFICULT WORK?

12:32PM  17           MR. ANDRE:  WE WOULD TRY.  THERE'S NO GUARANTEE THAT

12:32PM  18   YOU WOULD GET ACCURATE ANALYSIS.  THE MOST ACCURATE ANALYSIS TO

12:32PM  19   GET THE RATIO WOULD BE GETTING THE RAW MATERIAL AND THEIR

12:32PM  20   AQUEOUS SOLUTION AND WE HOPE TO GET.  BUT WE KNOW IF THEY'RE

12:32PM  21   STANDARDS TO THE BEST OF THEIR KNOWLEDGE THAT'S THE RATIO AND

12:32PM  22   WE HAVE IDENTIFIED THAT IN THE 3-1 CONTENTIONS.

12:32PM  23        SO WE BELIEVE THAT THE 3-1-C WHERE WE IDENTIFIED EACH AND

12:32PM  24   EVERY ELEMENT HAS BEEN MET.

12:32PM  25           WITH RESPECT TO THE INDIRECT INFRINGEMENT, YOUR HONOR IS

12:32PM   1     RIGHT ON THE AKAMAI CASE THAT THE FEDERAL CIRCUIT HAS A SEA

12:32PM   2     CHANGE ON INDIRECT INFRINGEMENT ALLOWING MULTIPLE PARTIES TO

12:32PM   3     ACTUALLY INFRINGE METHOD CLAIMS.  SO WE ALLEGE THIS INDIRECT

12:32PM   4     INFRINGEMENT IDENTIFYING THEIR CUSTOMERS AND POSSIBLY THE LEFT

12:32PM   5     AS WELL AS INFRINGING THESE CLAIMS.

12:32PM   6          SO I THINK WE HAVE IDENTIFIED THOSE -- THE INFRINGING ACTS

12:33PM   7     TAKING THE PILL TO RELIEVE INFLAMMATION, CONTINUE TAKING IT

12:33PM   8     UNTIL THE INFLAMMATION IS GONE, THOSE ARE THE -- WHAT THEY SAY

12:33PM   9     TO DO IN THEIR MARKETING MATERIAL OR THEIR PRESCRIPTION

12:33PM   10    MATERIAL OR WHATEVER, HOWEVER THEY --

12:33PM   11         THE COURT:  THE PRESCRIPTION AND MARKETING MATERIALS

12:33PM   12    SAY NOTHING OF THE ADDITIONAL ACTS THAT ARE REQUIRED AT LEAST

12:33PM   13    BY SOME OF THESE CLAIMS, RIGHT?  SO WHERE ARE THOSE ACTS UNDER

12:33PM   14    YOUR THEORY?

12:33PM   15         MR. ANDRE:  UNDER OUR THEORY, YOU'RE TALKING ABOUT

12:33PM   16    MEASURING THE -- IS THIS TAKING THE PRODUCT.

12:33PM   17         THE COURT:  THAT'S ONE EXAMPLE.

12:33PM   18         MR. ANDRE:  TAKING THE PRODUCT UNTIL THE MARKERS

12:33PM   19    HAVE DIMINISHED.  WELL, THEY SAY TAKE THE PRODUCT UNTIL THE

12:33PM   20    INFLAMMATION IS GONE.  THOSE MARKERS ARE STANDARDIZED MARKERS

12:33PM   21    FOR ALL TYPES, MANY TYPES OF INFLAMMATION, TYPES THAT THEY

12:33PM   22    ACTUALLY RECOMMEND AND THAT'S THE REASON THAT WE CITE ALL OF

12:33PM   23    THE SCIENTIFIC PAPERS.

12:33PM   24         THOSE SCIENTIFIC PAPERS TALK ABOUT WHAT IS ELEVATED WHEN

12:33PM   25    YOU HAVE THAT TYPE OF INFORMATION AND THE C-REACTIVE PROTEIN.

12:33PM  1          THE COURT:  SO YOUR THEORY IS THAT ALL OF THOSE

12:33PM  2     DIFFERENT ACTS SATISFY THE LIMITATION THAT YOU CLAIM?  IN OTHER

12:34PM  3     WORDS, I KNOW HOW THIS WORKS.  YOU THREW A BUNCH OF DOCUMENT

12:34PM  4     CITATIONS AT THEM AND SAID IT'S IN THERE, OKAY.  I WILL

12:34PM  5     CONFESS, AND I HAVE NOT GONE THROUGH EACH AND EVERY ONE OF

12:34PM  6     THOSE PAGES TO LINK THOSE SCIENTIFIC DISCUSSIONS TO THE

12:34PM  7     LIMITATIONS, BUT I LOOKED AT THEM LONG ENOUGH TO KNOW THAT YOU

12:34PM  8     HAVEN'T POINTED WITH ANY SPECIFICITY TO WHAT SPECIFICALLY

12:34PM  9     YOU'RE SAYING FALLS WITHIN THE CLAIMS, RIGHT?

12:34PM  10          MR. ANDRE:  WELL, WHAT FALLS WITHIN THE CLAIM IS THE

12:34PM  11     CUSTOMER TAKING THE PILL.

12:34PM  12          THE COURT:  AND THAT'S ALL THAT IS REQUIRED UNDER

12:34PM  13     YOUR THEORY.

12:34PM  14          MR. ANDRE:  UNDER THE INDUCING INFRINGEMENT, THEY

12:34PM  15     TAKE THE PILL UNTIL THE INFLAMMATION IS GONE, AND THAT INDUCING

12:34PM  16     INFRINGEMENT, YES, UNDER THE INDIRECT INFRINGEMENT CLAIM.

12:34PM  17          THE COURT:  SO UNDER YOUR THEORY OF INDIRECT

12:34PM  18     INFRINGEMENT, THE ACT OF DIRECT INFRINGEMENT IS COMPLETED WHEN

12:34PM  19     THE CUSTOMER, THE REGULAR GUY OFF THE STREET, LIKE ME, SWALLOWS

12:34PM  20     THE PILL.

12:34PM  21          MR. ANDRE:  AND CONTINUES TAKING IT UNTIL THE

12:34PM  22     INFLAMMATION IS GONE, UNTIL THE MARKER SUBSIDES, IN OTHER

12:34PM  23     WORDS, ELEVATION.

12:34PM  24          THE COURT:  SO WHO IS MEASURING THAT SUBSIDING OF

12:34PM  25     THE MARKER?  IS THAT THE REGULAR JOE LIKE ME DOES OR DOES

12:35PM 1    SOMEBODY ELSE DOES IT?

12:35PM 2         MR. ANDRE:  WELL, I DON'T THINK THE ACTUAL

12:35PM 3    MEASURING -- THAT'S GOING TO BE AN INFRINGEMENT PROOF THAT WE

12:35PM 4    HAVE TO PROVE THROUGH DISCOVERY, BUT AT THIS POINT IT'S OUR

12:35PM 5    BELIEF THAT MAYBE IT'S THEIR DOCTOR, IF THEY'RE GOING TO A

12:35PM 6    DOCTOR.

12:35PM 7         THE COURT:  WHAT IS YOUR THEORY?  I'M NOT ASKING FOR

12:35PM 8    PROOF.  I THINK I SPENT ENOUGH TIME ON THAT SIDE, BUT I WANT TO

12:35PM 9    KNOW WHAT YOUR THEORY IS.  IS YOUR THEORY THAT THE DOCTOR WILL

12:35PM 10   MAKE THAT DETERMINATION OR IS IT THAT THE CUSTOMER TAKES THE

12:35PM 11   BILL AND IS DONE?

12:35PM 12        MR. ANDRE:  I THINK WHEN THE DOCTOR DETERMINES THE

12:35PM 13   INFLAMMATION IS GONE.

12:35PM 14        THE COURT:  SO NOW IT'S YOUR THEORY THAT THE

12:35PM 15   CUSTOMER MUST MAKE THAT DETERMINATION THAT THE INFLAMMATION HAS

12:35PM 16   SUBSIDED TO SOME DEGREE?

12:35PM 17        MR. ANDRE:  THAT'S CORRECT.

12:35PM 18        THE COURT:  NOBODY ELSE.

12:35PM 19        MR. ANDRE:  WELL, THAT'S OUR THEORY.

12:35PM 20        THE COURT:  WELL, THAT'S YOUR THEORY?

12:35PM 21        MR. ANDRE:  THAT'S CORRECT.

12:35PM 22        THE COURT:  YOU ARE CLAIMING LITERALLY AND D.O.E.

12:36PM 23   INFRINGEMENT, RIGHT?

12:36PM 24        MR. ANDRE:  THE SPECIFIC LANGUAGE UNDER 3-1-E IT

12:36PM 25   SAYS IDENTIFY EITHER LITERAL INFRINGEMENT OR UNDER D.O.E.

12:36PM  1      NOW, WE THINK IT'S LITERAL INFRINGEMENT SO UNDER 3-1-E,

12:36PM  2   ALL WE HAD TO DO WAS LITERAL.  WE PUT IN D.O.E. TO PRESERVE IT

12:36PM  3   BECAUSE WE PLED IT AS WELL.  ONCE WE DID THE TESTING, WE DIDN'T

12:36PM  4   WANT THEM TO COME BACK AND SAY THEY DIDN'T TELL US THERE WAS

12:36PM  5   GOING TO BE D.O.E.

12:36PM  6      THE COURT:  RIGHT.  BUT IF THE RULE HAS A

12:36PM  7   REQUIREMENT TO LIKE LITERALLY OR D.O.E. FOR THE PURPOSE OF

12:36PM  8   MOVING THE CASE ALONG AND GIVING THEM A CLUE AS TO WHAT YOUR

12:36PM  9   THEORY IS AND YOU SIMPLY PUT BOTH TO PRESERVE YOUR POSITION,

12:36PM  10  WHAT IS THE POINT OF HAVING A RULE?

12:36PM  11     MR. ANDRE:  IT'S A GOOD POINT, YOUR HONOR.  AND

12:36PM  12  BECAUSE WE ARE, YOU KNOW, ACCUSING EACH ONE OF LITERAL

12:36PM  13  INFRINGEMENT, THAT WOULD BE OUR, IF PUSH COMES TO SHOVE, WE

12:36PM  14  THINK THEY LITERALLY INFRINGE THESE CLAIMS.  WE PLED IN THE

12:36PM  15  ALTERNATIVE THEORY OF D.O.E., BUT DURING MEET AND CONFERS WE

12:36PM  16  COULD HAVE TOLD THEM THAT WE BELIEVE LITERAL INFRINGEMENT.

12:36PM  17     THE COURT:  DID YOU HAVE THAT DISCUSSION UNDER MEET

12:37PM  18  AND CONFERS?

12:37PM  19     MR. ANDRE:  I THINK WE DISCUSSED IT, BUT IT WASN'T A

12:37PM  20  POINT OF CONTENTION TO BE HONEST WITH YOU, AS I RECALL.

12:37PM  21     THE COURT:  ALL RIGHT.  ANY OTHER POINTS, MR. ANDRE?

12:37PM  22     MR. ANDRE:  I THINK THAT COVERS THE THREE POINTS

12:37PM  23  THAT WERE RAISED.  THANK YOU, YOUR HONOR.

12:37PM  24     THE COURT:  THANK YOU, MR. ANDREW.

12:37PM  25     MR. MARSHALL.

| | | |
|---|---|---|
| 12:37PM | 1 | MR. MARSHALL:  WHAT I HAVE HEARD FROM MR. ANDRE IS |
| 12:37PM | 2 | THEY HAVE DONE NO TESTING TO DETERMINE WHETHER OR NOT OUR |
| 12:37PM | 3 | PRODUCT CONTAINED THE RATIOS REQUIRING THE SCOPE OF THE CLAIMS. |
| 12:37PM | 4 | SO THAT MAY BE A DIFFERENT MOTION, BUT I CAN ASSURE YOU IT |
| 12:37PM | 5 | WILL BE A MOTION. |
| 12:37PM | 6 | AND THE METHOD CLAIMS THAT HE'S NOW SAYING ARE INFRINGED |
| 12:37PM | 7 | SIMPLY BY THE CUSTOMER TAKING THE PRODUCT AND INFLAMMATION |
| 12:37PM | 8 | GOING DOWN, IF THAT'S THEIR THEORY OF INFRINGEMENT, THEN THEY |
| 12:37PM | 9 | SHOULD SAY THAT AND THEY SHOULD BE LIMITED TO IT. |
| 12:37PM | 10 | BECAUSE THEN WE HAVE GOT A GREAT SUMMARY JUDGMENT MOTION |
| 12:37PM | 11 | BECAUSE THE CLAIMS SAY THAT UNTIL THERE IS OBSERVED A RETURN OF |
| 12:37PM | 12 | THE MARKER LEVEL TO THE NORMAL RANGE OR DESIRED CHANGE IN THE |
| 12:37PM | 13 | CLINICAL SYMPTOM AND THEN THEY GO THROUGH WITH SPECIFICITY WHAT |
| 12:38PM | 14 | THOSE CLINICAL SYMPTOMS AND MARKERS ARE. |
| 12:38PM | 15 | SO I THINK IT'S VERY DISINGENUOUS FOR HIM TO SAY THAT. |
| 12:38PM | 16 | THE COURT:  WELL, IT MAY NOT BE DISINGENUOUS AT ALL. |
| 12:38PM | 17 | IT MAY JUST SET UP A VERY NICE MOTION FOR YOU LATER DOWN THE |
| 12:38PM | 18 | ROAD, RIGHT? |
| 12:38PM | 19 | MR. MARSHALL:  AND THAT'S FINE, IF THAT'S WHAT |
| 12:38PM | 20 | THEY'RE STUCK WITH. |
| 12:38PM | 21 | WITH RESPECT TO THE DOCTRINE OF EQUIVALENTS AND LITERAL |
| 12:38PM | 22 | INFRINGEMENT, IF THEY'RE SAYING THEY'RE GOING WITH LITERAL, I |
| 12:38PM | 23 | WILL ACCEPT THAT AND PROCEED ACCORDINGLY.  WE WANTED CLARITY ON |
| 12:38PM | 24 | PRECISELY WHAT THE THEORY WAS, BUT IF THERE WAS NOT ONE, THEN |
| 12:38PM | 25 | WE'LL MOVE FORWARD. |

12:38PM 1          THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH,

12:38PM 2   MR. MARSHALL.

12:38PM 3       THE MATTER IS SUBMITTED.  YOU'LL HAVE AN ORDER FROM ME AS

12:38PM 4   QUICKLY AS I CAN GET IT OUT.  HAVE A GOOD MORNING, COUNSEL.

12:38PM 5          MR. ANDRE:  THANK YOU, YOUR HONOR.

12:38PM 6          MR. MARSHALL:  THANK YOU, YOUR HONOR.

12:38PM 7       (COURT CONCLUDED AT 12:38 P.M.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                           CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16       _____
         IRENE RODRIGUEZ, CSR, CRR
         CERTIFICATE NUMBER 8076
17

18
         DATED:  OCTOBER 25, 2012
19

20

21

22

23

24

25