UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CREAGRI, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PINNACLIFE INC., a Nevada Corporation,<br><br>Defendant. | Case No.: 5:11-CV-06635-LHK<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS |

Plaintiff CreAgri, Inc. ("CreAgri") filed this action against Pinnaclife, Inc. ("Pinnaclife") on December 23, 2011, alleging infringement of U.S. Patent No. 6,416,808 ("the '808 Patent"). ECF No. 1. On July 30, 2012, CreAgri filed an amended complaint, which included the addition of claims for direct and indirect infringement of U.S. Patent No. 8,216,599 ("the '599 Patent"). ECF No. 23. Now before the Court is Pinnaclife's motion to dismiss Count II of the Amended Complaint ("AC"). ECF No. 27 ("Mot."). CreAgri filed an opposition, ECF No. 30, and Pinnaclife filed a reply. ECF No. 33. Having reviewed the parties' pleadings and the relevant law, the Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing on these motions set for January 3, 2012 is VACATED. However, the Case Management Conference remains as set on January 3, 2013 at 1:30 p.m. For the reasons discussed below, the Court DENIES in part and GRANTS in part Pinnaclife's motion to dismiss with leave to amend.

**I. Background**

1

Case No.: 5:11-CV-06635-LHK
ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

CreAgri makes and sells products containing olive derived polyphenols intended to promote health. AC at ¶¶ 7-9. On July 9, 2002, the '808 Patent, entitled "Method Of Obtaining A Hydroxytyrosol-rich Composition From Vegetation Water," was issued to CreAgri. AC at ¶ 11 & Exh. A. Pinnaclife makes a range of dietary supplement products also relating to olives, including miracle Olivamine[10] Essential, miracle Olivamine[10] Full Spectrum, miracle Olivamine [10] Omega-3, miracle Olivamine [10] Mineral Boost, and miracle Olivamine [10] Cleanse. *Id.* at ¶ 19. On December 23, 2011, CreAgri filed this suit against Pinnaclife, alleging that Pinnaclife infringes the '808 Patent by making, using, selling, offering for sale, and/or importing these and other products. Pinnaclife filed an Answer on February 13, 2012, ECF No. 8, denying that Pinnaclife infringes the '808 Patent, and raising several affirmative defenses and counterclaims. CreAgri filed an answer to the counterclaims on March 5, 2012. ECF No. 11.

Subsequently, on July 10, 2012, the '599 Patent, entitled "Method For Treatment of Inflammation," was issued to CreAgri. *Id.* at ¶ 15 & Exh. B. CreAgri then filed the AC to add a second count for direct and indirect infringement of this new patent ("Count II"). Pinnaclife moves to dismiss Count II for failure to meet the pleading requirements for direct and indirect patent infringement.

## II. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Under Federal Rule of Civil Procedure 8, a Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). While "'detailed factual allegations'" are not required, a complaint must include sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The sufficiency of a complaint for direct patent infringement, however, is governed by a different standard. Such a complaint "is to be measured by the specificity required by Form 18" in the Appendix of Forms to the Federal Rules of Civil Procedure. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). In this context, the *Twombly* and *Iqbal* standard is "too stringent." *Id.* at 1335. This exception to the specificity requirements of *Twombly* and *Iqbal* applies only to claims of direct patent infringement, not to claims of indirect infringement. *Id.* at 1336-37 ("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."). A claim for indirect infringement must instead satisfy the specific requirements articulated in *Twombly* and *Iqbal*. *Id.* For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 742 (9th Cir. 2008) (repeated failure to cure deficiencies by previous amendment sufficient to deny leave to amend).

**III. Discussion**

A. <u>Direct Infringement</u>

The '599 Patent consists of method claims. It is well established that a patent claiming a method is not infringed "unless all steps or stages of the claimed process are utilized." *NTP, Inc. v. Research in Motion, Ltd.,* 418 F.3d 1282, 1317 (Fed. Cir. 2005). However, a claim for direct infringement of a method patent is still a claim for direct infringement, and is therefore governed

1   by the Form 18 pleading standard.  Nothing in Form 18 suggests that its applicability is limited to

2   device patents, nor did the Federal Circuit, in confirming that pleading requirements for direct

3   infringement claims are governed by Form 18, suggest that this holding should be limited to device

4   patents.  Indeed, Pinnaclife appears to agree that CreAgri need only meet Form 18's pleading

5   requirements to state a claim for direct infringement.  *See* Mot. at 3.

6       Instead, Pinnaclife argues that CreAgri's factual allegations are insufficient to meet even

7   this low standard.  CreAgri has alleged that Pinnaclife infringed the '599 Patent "literally or under

8   the doctrine of equivalents, by making, using, importing, offering to sell and/or selling products

9   which infringe the '599 Patent, including but not limited to, miracle Olivamine[10] Essential."  AC at

10   ¶ 32.  Pinnaclife argues that CreAgri has not alleged the actual *performance* of the steps of the

11   patented method.  Mot. at 4.  But *using* a product, which CreAgri has alleged, could certainly entail

12   the performance of a patented method.  *See, e.g.*, *Lucent Technologies, Inc. v. Gateway, Inc.,* 580

13   F.3d 1301, 1318 (Fed. Cir. 2009) (affirming jury's finding of infringement of method patent by use

14   of products).  Moreover, CreAgri's allegation precisely tracks the language of Form 18.  Form 18

15   does not require a plaintiff to identify all of the claim limitations and how they are infringed for a

16   device patent, nor does it require a plaintiff to list all of the steps for a method patent.  Instead,

17   Form 18 requires a simple allegation that the defendant has infringed "by making, selling, and

18   using" the patented article.  That is precisely what CreAgri has provided here.  Pinnaclife has

19   presented no other reason why CreAgri's claim for direct infringement is insufficient.

20   Accordingly, Pinnaclife's motion to dismiss CreAgri's claim for direct infringement of the '599

21   Patent is DENIED.

    B.  <u>Indirect Infringement</u>

23       Count II also alleges indirect infringement, both by inducement and by contributory

24   infringement of the '599 Patent.  Indirect patent infringement, either by inducement or by

25   contributory infringement, requires an allegation of direct infringement by another.  *Dynacore*

26   *Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1274 (Fed. Cir. 2004).  The direct

27   infringement requirement can be satisfied in the inducement context by proving that the

28   defendant's products necessarily infringe.  *See Lucent Technologies*, 580 F.3d at 1322  ("[A]

finding of inducement requires a threshold finding of direct infringement-either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe.") (internal citations and quotation marks omitted).

Regarding inducement, 35 U.S.C. § 271(b) provides that "Whoever actively induces infringement of a patent shall be liable as an infringer." Inducement requires proof not only of infringement by another, but that the defendant "possessed the requisite knowledge or intent to be held vicariously liable." *Dynacore Holdings,* 363 F.3d at 1273 (internal citations omitted). To survive a motion to dismiss, a plaintiff must plead "facts plausibly showing that the [defendant] specifically intended their customers to infringe the [patent]." *Bill of Lading*, 681 F.3d at 1339.

Contributory infringement refers to the "core notion that one who sells a component especially designed for use in a patented invention may be liable as a contributory infringer, provided that the component is not a staple article of commerce suitable for substantial noninfringing use." *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008). "In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing' and that defendant's components have no substantial non-infringing uses." *Lucent Technologies,* 580 F.3d at 1320 (internal citations and quotation marks omitted).

Here, CreAgri has not alleged that anyone other than Pinnaclife has directly infringed the '599 Patent, nor has CreAgri alleged that any Pinnaclife product necessarily infringes the '599 Patent. CreAgri does allege that "Pinnaclife publishes and provides documents intending that persons including the manufacturers, sellers, resellers, distributors, users and customers engage in direct infringement by their use of Pinnaclife's 'miracle Olivamine[10] Essential,'" FAC at ¶ 33, but there is no allegation that any of these third parties has actually directly infringed, nor that use of any Pinnaclife product necessarily infringes. Rule 8 requires that a complaint, including one alleging claims for indirect infringement, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Thus, to satisfy Rule 8 in the context of a claim for indirect infringement, a

plaintiff would, at a minimum, have to identify who allegedly directly infringed and how, or would have to allege that use of some particular product necessarily infringed. If CreAgri had made such allegations, the Court would accept them as true at this stage. But without such allegations, CreAgri has not alleged facts sufficient to establish that Pinnaclife has induced, or contributed to, any infringement. Accordingly, CreAgri has failed to state a claim for indirect infringement on which relief can be granted.

Moreover, CreAgri must provide more specificity regarding the documents alleged to have induced infringement. The AC says only that Pinnaclife "publishes and provides documents intending that persons including the manufacturers, sellers, resellers, distributors, users, and customers engage in direct infringement by their use of Pinnaclife's 'miracle Olivamine[10] Essential." AC at ¶ 34. Although CreAgri need not provide a detailed description of the documents, CreAgri must provide enough information to give Pinnaclife "fair notice of what the ... claim is and the grounds upon which it rests." *Iqbal*, 556 U.S. at 698-99, quoting *Twombly*, 550 U.S., at 555 (omission in original). The claim for indirect infringement, as currently pleaded, does not provide the required notice. Further, CreAgri has not alleged any facts supporting an inference of intent to induce infringement. "In assessing whether it is reasonable to infer intent from statements or conduct . . . the Supreme Court recently made clear that a court must assess the facts in the context in which they occurred and from the standpoint of the speakers and listeners within that context." *Bill of Lading*, 681 F.3d at 1340 (citing *Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309, 1324 (2011). Here, however, the conclusory statement that that Pinnaclife publishes documents "intending" that persons infringe, AC at ¶ 35, does not provide any facts at all from which such an inference could be drawn. Thus, CreAgri has not sufficiently pleaded its claim for induced infringement.

C. <u>Leave to Amend</u>

The dismissal of the indirect infringement claim of Count II of the AC is due to a deficiency in pleading, not necessarily a deficiency in legal theory. CreAgri may be able to cure this deficiency by the allegation of additional facts. Accordingly, the Court grants CreAgri leave to amend its complaint.

6
Case No.: 5:11-CV-06635-LHK
ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

## IV. Conclusion

For the foregoing reasons, CreAgri's motion to dismiss Count II of the AC is DENIED in part and GRANTED in part with leave to amend. An amended complaint, if any, must be filed within 21 days of the date of this Order. CreAgri may not add new claims or parties without seeking the opposing party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. Failure to cure the deficiencies identified herein or to timely file an amended complaint will result in dismissal of the indirect infringement claim in Count II with prejudice.

**IT IS SO ORDERED.**

Dated: January 1, 2013

_____
LUCY H. KOH
United States District Judge