1  PAUL J. ANDRE (State Bar No. 196585)
2  pandre@kramerlevin.com
   LISA KOBIALKA (State Bar No. 191404)
3  lkobialka@kramerlevin.com
   HAROLD STOREY (State Bar No. 268603)
4  hstorey@kramerlevin.com
   KRAMER LEVIN NAFTALIS & FRANKEL LLP
5  990 Marsh Road
   Menlo Park, California 94025
6  Telephone: (650) 752-1700
7  Facsimile: (650) 752-1800

8  *Attorneys for Plaintiff*
   CREAGRI, INC.
9

10

11              **IN THE UNITED STATES DISTRICT COURT**

12           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                       **SAN JOSE DIVISION**

14

15  CREAGRI, INC., a California Corporation,    Case No.: 5:11-cv-06635-LHK

16                Plaintiff,                     **SECOND AMENDED COMPLAINT**
                                                 **FOR PATENT INFRINGEMENT**
17         v.

18  PINNACLIFE INC., a Nevada Corporation,      **DEMAND FOR JURY TRIAL**

19                Defendant.

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT                                    Case No. 11-cv-06635-LHK
FOR PATENT INFRINGEMENT

Plaintiff CreAgri, Inc., (hereinafter "CreAgri") brings this Amended Complaint for Patent Infringement and Jury Demand ("Amended Complaint") against Defendant Pinnaclife, Inc. (hereinafter "Pinnaclife") and alleges as follows:

**THE PARTIES**

1.      CreAgri is corporation organized and existing under the laws of the state of California, with its principle place of business at 25565 Whitesell Street, Hayward, California 94545.

2.      On information and belief, Pinnaclife is a corporation organized and existing under the laws of Nevada, with its principal place of business at 59 Second Street, Coralville, Iowa 52241.

**JURISDICTION AND VENUE**

1.      This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

3.      This Court has personal jurisdiction over Pinnaclife because California's long-arm statute permits the assertion of such jurisdiction, California Code of Civil Procedure Section 410.10, and doing so would not violate federal due process because Pinnaclife has engaged in purposeful minimum contacts with the State of California.

4.      This Court has general personal jurisdiction over Pinnaclife because Pinnaclife's contacts with the State of California are significant and pervasive.  Pinnaclife has for many years conducted substantial business continuously and systematically in the State of California and in this judicial district, and continues to do so today.  Pinnaclife, directly or through intermediaries, distributes, offers for sale, sells, and advertises its products in the United States, the State of California and the Northern District of California.  Further, Pinnaclife's products were included in the celebrity gift bags for the 53rd Annual Grammy Awards hosted at the Staples Center in Los Angles on February

1

13, 2011.  Pinnaclife sponsors the Pinnaclife Racing Team, a bicycle road-racing team based in California.  At least two Pinnaclife employees have attended races located within California in 2011.  Pinnaclife was a premier sponsor at David Tupaz's Fashion Show entitled "A Tribute to Elegance" hosted in Beverly Hills, California on December 11, 2010.  At least a founder of Pinnaclife attended this event.

5.     This Court has specific personal jurisdiction over Pinnaclife because Pinnaclife has purposefully directed its activities towards California and assertion of personal jurisdiction is reasonable and fair.  California has an interest in adjudicating this dispute.  Doing so in this State is not burdensome to Pinnaclife and is effective and would be the most efficient forum to resolve the disputes.

## INTRADISTRICT ASSIGNMENT

6.     This is an intellectual property action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## FACTUAL BACKGROUND

7.     CreAgri is an innovative, technology-driven international company committed to safe, natural and eco-sustainable industrial and farming processes, and in providing consumers and the industry with the highest quality anti-oxidant olive derived polyphenols.

8.     Since its founding, CreAgri has continued to design, develop and market olive derived polyphenols.  CreAgri's inventions include methods related to obtaining polyphenol from olive leaves and fruit (hereinafter "olives"), formulations for polyphenols and methods of using polyphenols.

9.     CreAgri's HIDROX® product features the antioxidant power of natural hydroxytyrosol.

2

SECOND AMENDED COMPLAINT                                    Case No. 11-cv-06635-LHK
FOR PATENT INFRINGEMENT

10.     CreAgri has substantially invested in the exploitation of its technology and has not licensed its technology to any other companies.

11.     On July 9, 2002, U.S. Patent No. 6,416,808 (the "'808 Patent"), entitled "Method Of Obtaining A Hydroxytyrosol-rich Composition From Vegetation Water" was duly and legally issued to CreAgri.  A true and correct copy of the '808 Patent is attached to this Amended Complaint as Exhibit A.

12.     All rights, title and interest in the '808 Patent have been assigned to CreAgri, which is the sole owner of the '808 Patent.

13.     The '808 Patent is generally directed to supplements from olives containing hydroxytyrosol.

14.     Upon information and belief, Pinnaclife had knowledge of the '808 Patent at or shortly after the time of Pinnaclife's formation.

15.     Pinnaclife had knowledge of the '808 Patent no later than September 2011.

16.     On July 10, 2012, U.S. Patent No. 8,216,599 (the "'599 Patent") entitled "Method For Treatment of Inflammation" was duly and legally issued to CreAgri.  A true and correct copy of the '599 Patent is attached to this Amended Complaint as Exhibit B.

17.     All rights, title and interest in the '599 Patent have been assigned to CreAgri, which is the sole owner of the '599 Patent.

18.     The '599 Patent is generally directed to methods of treating inflammatory conditions with hydroxytyrosol or a mixture of hydroxytyrosol and oleuropein.

19.     Multiple Sclerosis is an inflammatory condition disclosed in the '599 Patent.  Ex. B at col. 20, ll. 42-51; col. 13, ll. 52-54.

3

SECOND AMENDED COMPLAINT                                    Case No. 11-cv-06635-LHK
FOR PATENT INFRINGEMENT

20.     Pinnaclife's products include at least the following: Pinnaclife's Olivamine10™ (f/k/a miracleOlivamine10™ Essential), Olivamine10™ D3+ Magnesium (f/k/a miracleOlivamine10™ Mineral Boost), Olivamine10™ Multivitamin (f/k/a miracleOlivamine10 FullSpectrum), Olivamine10™ Omega-3 (f/k/a miracleOlivamine10™ Omega-3), and Olivamine10™ Prebiotic Fiber (f/k/a miracleOlivamine10™ Cleanse).

21.     Pinnaclife collaborates with the University of Iowa in an ongoing clinical directed towards Progressive Multiple Sclerosis.  Ex. C at 1.

22.     This clinical trial, started in October 2010, is conducted within the United States and includes the administration of "Essential –  hydroxytyrosol," also known as "Pinnaclife Essential." Ex. C. at 4, 6.

23.     Upon information and belief, "Essential –  hydroxytyrosol," also referred to as "Pinnaclife Essential"  references Pinnaclife's Olivamine10™ (f/k/a miracleOlivamine10™ Essential) product.

24.     Upon information and belief, "Essential – hydroxytyrosol" contains a substantially purified hydroxytyrosol or a substantially purified mixture of hydroxytyrosol and oleuropein corresponding to between 0.1 mg/kg body weight and 2000 mg/kg body weight.

25.     The participants of this clinical trial use "Pinnaclife Essential" to treat the autoimmune disease of multiple sclerosis.

26.     Pinnaclife publishes and provides documents and videos intending that persons including the manufacturers, sellers, resellers, distributors, users and customers engage in direct infringement by their use of Pinnaclife's Olivamine10™ to treat an inflammatory condition.

27.     Pinnaclife's home page directly links to "MyPinnaclife's" YouTube channel that presently makes 109 videos available for viewing.

4

28.     An exemplary video from this channel is entitled "Pinnaclife – Heart disease."  This video promotes the use of the Olivamine10™ Product for the treatment of cardiovascular disease and is accessible at the following URL:

http://www.youtube.com/watch?v=MDzXfxL4qNY&list=UUkDs8vQnEAXIHMTiPq457QQ&index=79.



The comments for this video state the following:

**Uploaded on Jan 25, 2011**
Dr. McCord shares with us how the Pinnaclife supplement line can help prevent us from heart disease and other cardiovascular issues.

Category     Education

5

SECOND AMENDED COMPLAINT                                    Case No. 11-cv-06635-LHK
FOR PATENT INFRINGEMENT

29.    The following statements are made in this video: "We are in the prevention business and we have our sights set on helping millions of people at risk of heart disease" and  that "the Pinnaclife complete healing program will take people on a journey to good health, and away from drugs and disease."

30.    Another exemplary video from MyPinnaclife's channel is entitled "Pinnaclife – Vice President of Sales" and is accessible at the following URL:

http://www.youtube.com/watch?v=TCz1BTOefA8&list=UUkDs8vQnEAXIHMTiPq457QQ&index=75.



31.    The following statements are made in this video: "Olivamine10 has also proven effective in clinical trials at reducing C-Reactive Protein levels, which is the marker for inflammation, by nearly 70%.  Inflammation in your body is the precursor of nearly all diseases including … cardiovascular disease, neurodegenerative disease and arthritis…"; "[w]hether you are battling … joint

6

pain…, ingredients in Olivamine10 and the Pinnaclife products have proven helpful in the fight to defeat these diseases" and "there is scientific evidence that suggests that the use of Olivamine10 and its patent pending formulation of key ingredients has the ability to reduce the risk of … cardiovascular disease, neurodegenerative diseases, liver disease … inflammation, arthritis and joint pain…."

32.     C-Reactive Protein is a biochemical marker for coronary inflammation. *See. e.g.* Ex. B at col. 13, ll. 36-37.

33.     Upon information and belief, Olivamine10™ contains an olive plant extract having a weight ratio of hydroxytyrosol to oleuropein of between 1:1 and 200:1.

34.     An exemplary video from MyPinnaclife's channel is entitled " Pinnaclife – Olivamine Testimonial – David" and is accessible at the following URL:

http://www.youtube.com/watch?v=uQ3JmAsl9D0&list=UUkDs8vQnEAXIHMTiPq457QQ&index=73.

35.     The following statement is made in this video: "Since I've been taking Olivamine, literally within 8 days when I started taking Olivamine, two in the morning and two in the evening, my sciatic nerve pain went away."

36.     Another exemplary video from MyPinnaclife's channel is entitled "Olivamine Testimonial – Brian" and is accessible at the following URL:

http://www.youtube.com/watch?v=vFFHzGCW1Eo&list=UUkDs8vQnEAXIHMTiPq457QQ&index=74.

37.     The following statement is made in this video: "after having back surgery, I used to eat ibuprofen for swelling in my lower back and after taking the Pinnacle product, I've probably cut back at least in half on the amount of effort I've taken…."

7

38.     Attached hereto as Exhibit D is a print out of Pinnaclife's Web Page dated July 13, 2012 entitled "Cardiovascular Research," that promotes the use of the Olivaime10™ product for the treatment of inflammation by providing links to scientific articles directed towards "How Pinnaclife Products May Be Able to Help" Cardiovascular Disease.

39.     Attached hereto as Exhibit E is a print out from Pinnaclife's website for its Olivamine10™ Product dated January 15, 2013.  This webpage includes the inflammation-based diseases of "neurodegenerative disease, cardiovascular disease and diabetes" as reasons that "you may need Olivamine10™."

40.     Attached hereto as Exhibit F is a print out of Pinnaclife's website dated July 13, 2012 entitled "Arthritis Research."  This webpage includes links to scientific articles directed towards inflammation research.  The second article listed on this page, is sponsored by CreAgri and is co-authored by Dr. Crea, the inventor of the Patents-in-Suit.  Ex. G.

41.     On its website, Pinnaclife invites customers to purchase its Olivamine10™ Product. Ex. H.

42.     Pinnaclife's customers can use Pinnaclife's website to find stores that carry the Olivamine10™ Product.  Ex. I.

43.     These facts establish that Pinnaclife actively encourages customers to practice the method taught in the '599 Patent.

44.     These facts establish that Pinnaclife affirmatively intends to actively induce the infringement of the '599 Patent by marketing and selling its Olivamine10™ Product intending that its customers perform the claimed method.

8

## PINNACLIFE'S PATENT INFRINGEMENT

45.     CreAgri is informed and believes that Pinnaclife has infringed and continues to infringe the '808 Patent by making, using, selling, offering for sale and/or importing, products, including but not limited to, Olivamine10™ (f/k/a miracleOlivamine10™ Essential), Olivamine10™ D3+ Magnesium (f/k/a miracleOlivamine10™ Mineral Boost), Olivamine10™ Multivitamin (f/k/a miracleOlivamine10 FullSpectrum), Olivamine10™ Omega-3 (f/k/a miracleOlivamine10™ Omega-3), and Olivamine10™ Prebiotic Fiber (f/k/a miracleOlivamine10 Cleanse).

46.     Pinnaclife's making, use, sale, offer for sale and/or importation of Olivamine10™ (f/k/a miracleOlivamine10™ Essential), Olivamine10™ D3+ Magnesium (f/k/a miracleOlivamine10™ Mineral Boost), Olivamine10™ Multivitamin (f/k/a miracleOlivamine10 FullSpectrum), Olivamine10™ Omega-3 (f/k/a miracleOlivamine10™ Omega-3), and Olivamine10™ Prebiotic Fiber (f/k/a miracleOlivamine10 Cleanse) in the United States constitute acts of direct infringement of the '808 Patent.

47.     CreAgri is informed and believes that Pinnaclife has infringed and continues to infringe, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement of the '599 Patent by making, using, importing, selling, and/or offering for sale Olivamine10™ (f/k/a miracleOlivamine10™ Essential).

48.     CreAgri is entitled to recover from Pinnaclife the actual damage it sustained as a results of Pinnaclife's wrongful acts alleged herein under 35 U.S.C. § 284 in an amount to be proven at trial, together with interest and costs.

49.     CreAgri is informed and believes that Pinnaclife's infringement of the '808 Patent and '599 Patent as set forth herein has been and is willful, deliberate and in disregard of CreAgri's patent

9

1 | rights, and CreAgri is therefore entitled to treble damages under 35 U.S.C. § 284 and attorneys' fees

2 | under 35 U.S.C. § 285.

3 | 50. Pinnaclife's infringement of the '808 Patent and '599 Patent will continue to damage

4 | CreAgri, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined

5 | by this Court.

6 | **COUNT I**

7 | **(Infringement of the '808 Patent)**

8 | 51. CreAgri re-alleges each and every allegation set forth in Paragraphs 1 through 50, and

9 | incorporates them herein by reference.

10 | 52. CreAgri alleges that Pinnaclife infringes one or more claims of the '808 Patent under

11 | 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, importing, offering

12 | to sell and/or selling products which infringe the '808 Patent, including but not limited to,

13 | Olivamine10™ (f/k/a miracleOlivamine10™ Essential), Olivamine10™ D3+ Magnesium (f/k/a

14 | miracleOlivamine10™ Mineral Boost), Olivamine10™ Multivitamin (f/k/a miracleOlivamine10™

15 | FullSpectrum), Olivamine10™ Omega-3 (f/k/a micracleOlivamine10™ Omega-3), and

16 | Olivamine10™ Prebiotic Fiber (f/k/a miracleOlivamine10™ Cleanse).

17 | 53. CreAgri is informed and believes that Pinnaclife had knowledge of the '808 Patent at or

18 | shortly after the time of Pinnaclife's formation.

19 | 54. Pinnaclife's acts of making, using, importing, selling, and/or offering for sale infringing

20 | products have been without the permission, consent, authorization or license of CreAgri.

21 | 55. As a result of Pinnaclife's unlawful activities, CreAgri has suffered and will continue to

22 | suffer irreparable harm for which there is no adequate remedy at law. Accordingly, CreAgri is entitled

23 | to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

10

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT

Case No. 11-cv-06635-LHK

56.     CreAgri is informed and believes that Pinnaclife's infringement of the '808 Patent has been and continues to be willful, deliberate and/or objectively reckless.

57.     Pinnaclife's infringement of the '808 Patent has injured and continues to injure CreAgri in an amount to be proven at trial.

## COUNT II
## (Infringement of the '599 Patent)

58.     CreAgri re-alleges each and every allegation set forth in Paragraphs 1 through 57, and incorporates them herein by reference.

59.     CreAgri alleges that Pinnaclife infringes one or more claims of the '599 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, importing, offering to sell and/or selling products which infringe the '599 Patent, including but not limited to, the Olivamine10™ Product (f/k/a "miracleOlivamine10™ Essential").

60.     CreAgri alleges that Pinnaclife has actively induced, and continues to induce, the infringement of one or more claims of the '599 Patent under 35 U.S.C. § 271(b), literally or under the doctrine of equivalents, by actively inducing the manufacture, use, offer for sale, sale, and/or import of the Olivamine10™ Product (f/k/a "miracleOlivamine10™ Essential").

61.     As set forth in paragraphs 26-40 above, Pinnaclife's website, found at http://www.pinnaclife.com, and the links referenced therein, provide a comprehensive description of Pinnaclife's products, testimonials, recommendations from medical professionals and purchasing information.

62.     Pinnaclife's website is publicly accessible, and can be viewed without login credentials. Pinnaclife's website is targeted to, and viewed by, potential customers of its dietary supplement products.

11

SECOND AMENDED COMPLAINT                                    Case No. 11-cv-06635-LHK
FOR PATENT INFRINGEMENT

63.     Pinnaclife's website and links from Pinnaclife's website, include a description of its Olivamine10™ Product, and the uses of this product.

64.     The reasonable inference to be drawn from the facts set forth above is that Pinnaclife actively and intentionally updates its website to promote its products and services to encourage potential customers to use its products in the manner described by Pinnaclife.

65.     The reasonable inference to be drawn from the facts set forth above is that Pinnaclife actively takes steps to update its website to promote its Olivamine10™ Product to encourage customers to practice the method taught in the '599 Patent.

66.     The reasonable inference to be drawn from the facts set for above is that Pinnaclife, through a variety of methods including without limitation its website, has offered for sale, and continues to offer for sale, its Olivamine10™ Product to enable potential customers to practice the method claimed in the '599 Patent.

67.     Based upon Pinnaclife's specific directions for use of the Olivamine10™ Product, Pinnaclife's customers directly infringe the claims of the '599 Patent.

68.     CreAgri is informed and believes that Pinnaclife had knowledge of the '599 Patent on or shortly after the date of its issuance.  Pinnaclife had knowledge of the '599 Patent no later than July 24, 2012, 14 days after the issuance of the '599 Patent, when Plaintiff's counsel informed Pinnaclife that Patent Office had recently issued CreAgri the '599 Patent.

69.     Pinnaclife continues to take active steps to market and sell its Olivamine10™ Product, and specifically encourages its customers to infringe the '599 Patent.

70.     Pinnaclife continues to advertise on its website the Olivamine10™ Product, and advertises its use in a manner that infringes the '599 Patent.

71.     Use of the Olivamine10™ Product as described above infringes the '599 Patent.

SECOND AMENDED COMPLAINT                    Case No. 11-cv-06635-LHK
FOR PATENT INFRINGEMENT

72.     Pinnaclife is participating in a clinical trial with its Olivamine10™ Product as described in Exhibit C.

73.     The participants of the clinical trial described in Exhibit C also directly infringe the '599 Patent by their use of the Olivamine10™ Product to treat multiple sclerosis.

74.     Pinnaclife's acts of making, using, importing, selling and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of CreAgri.

75.     CreAgri is informed and believes that as a result of Pinnaclife's unlawful activities, CreAgri has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, CreAgri is entitled to preliminary and/or permanent injunctive relief pursuant to 35 U.S.C. § 283.

76.     CreAgri is informed and believes that Pinnaclife's infringement of the '599 Patent has been and continues to be willful, deliberate and/or objectively reckless.

77.     Pinnaclife's infringement of the '599 Patent has injured and continues to injure CreAgri in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff CreAgri prays that the Court grant the following relief and judgment:

A.     An entry of judgment holding Pinnaclife liable for infringement of the '808 Patent and/or the '599 Patent;

B.     A preliminary and permanent injunction against Pinnaclife and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, inducing the infringement, or contributing to the infringement of the '808 Patent and/or the '599 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT

Case No. 11-cv-06635-LHK

C.      An award to CreAgri of such damages as it shall prove at trial against Pinnaclife that is adequate to fully compensate CreAgri for Pinnaclife's infringement of the '808 Patent and/or the '599 Patent, said damages to be no less than a reasonable royalty;

D.      An award to CreAgri for Pinnaclife's willful infringement of treble damages so determined, as provided by 35 U.S.C. § 284, together with post-judgment interest and prejudgment interest from the first date of infringement of the '808 Patent and/or the '599 Patent;

E.      A finding that this case is "exceptional" and an award to CreAgri of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285;

F.      An accounting of all infringing sales and revenues; and

G.      Such further and other relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

CreAgri demands a jury trial on all issues so triable.

Respectfully submitted,

DATED: January 22, 2013            By: */s/ Paul J. Andre*
                                         Paul J. Andre

Paul J. Andre (SBN# 196585)
Lisa Kobialka (SBN# 191404)
Harold Storey (SBN# 268603)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, California 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
hstorey@kramerlevin.com

*Attorneys for Plaintiff*
CREAGRI, INC.

14

SECOND AMENDED COMPLAINT              Case No. 11-cv-06635-LHK
FOR PATENT INFRINGEMENT