UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CREAGRI, INC., a California corporation, | ) | Case No.: 5:11-CV-06635-LHK |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL |
| PINNACLIFE INC., a Nevada corporation, | ) ) | |
| Defendant. | ) ) | |

Pending before the Court are several Administrative Motions to Seal filed by the parties in connection with the Motion to Disqualify Dr. Visioli, the cross-Motions for Summary Judgment, and *Daubert* Motions. *See* ECF No. 79, 87, 92, 103, 106, 113, 118, 121, 125, 138, 142, 143, 145, 151, 156, 158, 159, 160, 161, 170. This Court, having considered the motions, accompanying declarations, and relevant law, GRANTS in part and DENIES in part the motions.[1]

**I.    LEGAL STANDARD**

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in

---

[1] Pending before the Court is also a Motion to Remove ECF No. 157, because ECF No. 157 was inadvertently filed publicly. *See* ECF No. 163. The documents were re-filed under seal at ECF No. 158. The Court GRANTS the Motion to Remove ECF No. 157.

1
11-CV-06635-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). When ruling on a motion to seal court records, a "court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.*  The Federal Circuit has held that the public's interest is diminished where the documents that are subject to a motion to seal have not been considered by a court or a jury. *See Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013). In such circumstances, the "public's understanding of the judicial proceedings" would not be diminished by sealing the information. *Id.* at 1226-28.

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive* motion." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (emphasis in original) (internal quotation marks and citation omitted). In such situations, the party seeking to seal need only demonstrate that there is "good cause" under Federal Rule of Civil Procedure 26(c) to seal. Motions to seal materials related to non-dispositive motions warrant this more lenient standard, in part, because such motions "are often unrelated, or only tangentially related, to the underlying cause of action." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotation marks and citation omitted).

## II. DISCUSSION

The parties to the instant litigation filed a number of administrative motions to seal along with the Motion to Disqualify Dr. Visioli and the cross-Motions for Summary Judgment. At the hearing on the Motion to Disqualify, the Court told the parties that the sealing requests were too broad and should be narrowed, and the Court asked the parties to meet and confer. The parties did so and submitted more narrow sealing requests. These narrowed sealing requests, *see* ECF Nos. 156-61, supersede the parties' earlier, broader sealing requests, *see* ECF Nos. 79, 92, 103,[2] 106, 113, 118, 121, 125. Thus, the Court DENIES AS MOOT the parties' earlier, broader sealing requests. ECF Nos. 79, 92, 103, 106, 113, 118, 121, 125. Accordingly, the Court addresses the merits of only the narrower sealing requests below.

Accompanying the parties' narrower sealing requests were declarations from counsel. *See e.g.*, ECF Nos. 130, 156-1. These declarations, particularly those of CreAgri, relied on broad, general statements regarding the designation of material as "Confidential" or "Highly Confidential" under the protective order and offered little to no basis for why the specific information merited sealing. For example, CreAgri provides one conclusory statement that fifteen exhibits, totaling more than 75 pages are sealable because they "concern CreAgri's confidential business and technical information regarding its business, competition, and products." ECF No. 156-1 at 4.

Despite such broad declarations, where the parties have met the standards for sealing, the Court below grants the sealing requests. Where the parties clearly cannot meet the standards, because, for example, information sought to be sealed was already publicly disclosed, the Court denies with prejudice the sealing requests. Where the parties may be able to meet the standards for sealing, but have not yet done so, the Court denies the sealing requests without prejudice. With

---

[2] The Court notes that on Pinnaclife's initial Administrative Motion to File Under Seal its Motion for Summary Judgment, a user can see under the redactions by copying and pasting from the pdf into a word processor. *See* ECF No. 103-1. The Court encourages the parties to review all of their redacted documents to determine whether this is the case with respect to other documents and to move to remove any such documents. In this order, the Court does not deny any sealing motions on the basis that information sought to be sealed is effectively publicly available due to improper redacting.

respect to this last category, the Court will consider sealing requests that are either more narrowly tailored or are supported by declarations addressing why the specific information sought to be sealed meets the relevant sealing standards.

| ECF No. | Document Title[3] | Ruling and Rationale |
|---|---|---|
| 87 | Opposition to Motion to Disqualify Dr. Visioli | DENIED. The redacted information relates to general terms of the consultation agreement between Dr. Visioli and CreAgri. This information is critical to understanding the Motion to Disqualify. Accordingly, the public interest is high. Further, the terms of the agreement were discussed on the record in open court extensively by counsel for both parties during the October 31, 2013, hearing on the Motion to Disqualify. The only additional information sought to be sealed are broad and vague statements regarding Dr. Visioli's work for a CreAgri partner. CreAgri has not offered any specific argument or basis for why this information is sealable, and the CreAgri partner has not separately sought to keep this information sealed. Accordingly, the Court cannot find that "good cause" supports the sealing request. |
| 138 | Pinnaclife's Surreply in Opposition to CreAgri's Motion to Disqualify Dr. Visioli | DENIED. The sealing requests here relates to items in the 10-B meeting minutes. Specifically, most of the redacted material is specific ingredients to add to HIDROX that were discussed during these meetings. However, at the hearing on the Motion to Disqualify, CreAgri's counsel stated almost all of these additional ingredients on the record in open court. Furthermore, the declaration in support of the sealing request, ECF No. 139, provides no reasons why CreAgri regards these ingredients as highly sensitive or what harm could result from their disclosure. Because the information was already publicly disclosed and because CreAgri does not persuasively contend that there are reasons to redact the information, the Court finds no "good cause" to seal the identified information. |
| 142 | Pinnaclife's Motion to Exclude Testimony of Jeffrey Redman | GRANTED. The Court did not rule on the underlying motion, but rather, denied it as moot in the summary judgment order. Public access to the records cited in this motion will not further the public's understanding of the reasoning underlying the Court's decisions. *See Apple, Inc.*, 727 F.3d 1214 at 1226 (sealing warranted when there was no "indication that th[e] information was essential to the district court's rulings"); *id. at 1228* (information not relied on by district court in its orders "is irrelevant to the public's understanding of the judicial proceedings"); *see also Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (presumption of public access to judicial records grounded in need to promote "the public's |

---

[3] Many of the motions contain accompanying declarations.

| | | |
|---|---|---|
| | | understanding of the judicial process and of significant public events"). Given that the public's interest in accessing the documents at issue in a motion on which the Court did not rule on the merits is low and that there is some interest on the part of the parties in maintaining the confidentiality of the technology and business practices discussed, the Court finds that there is "good cause" to seal the document. |
| 143 | Pinnaclife's Motion to Exclude Testimony of Jeffrey Redman | GRANTED. This appears to contain the same information as ECF No. 142. |
| 145 | Declaration in Support of CreAgri's Motion to Preclude Testimony of Dr. Visioli | DENIED WITHOUT PREJUDICE. The unredacted version of this declaration is publically accessible. If the parties move to remove this document, they may refile a new administrative motion to seal, which the Court will consider. |
| 151 | Pinnaclife's Revised Motion to Exclude Testimony of Jeffrey Redman | GRANTED. The ruling on ECF No. 142 is equally applicable here. |
| 156-60 | Documents associated with Motion to Disqualify Dr. Visioli and CreAgri's Motion for Summary Judgment (Infringement) | GRANTED as to all the documents related to CreAgri's Motion for Summary Judgment (Infringement). *See* Exs. K-R. The Court did not rule on this underlying motion on the merits. Instead, the Court dismissed this this underlying motion without prejudice because the Court granted Pinnaclife's Motion for Summary Judgment of Invalidity. *See* ECF No. 177. Accordingly, the Court's rationale with respect to ECF No. 142 is applicable here.<br><br>Exhibit A: DENIED. The ruling on ECF No. 87 is equally applicable here.<br><br>Exhibit C: DENIED. The ruling on ECF No. 87 is equally applicable here.<br><br>Exhibit E:<br><br>• Page 1, Lines 19-22; Page 2, Lines 3-4, 11-12, 19-20, Page 4, Lines 12-15: DENIED. This material relates to the consultation agreement and the broad terms of CreAgri's agreement with a partner. "Good cause" does not support sealing these for the reasons stated in this Court's order on ECF No. 87.<br><br>• Page 2, Line 25 to Page 3, Line 2: DENIED. "Good cause" does not support sealing this broad answer to a deposition question, in which Dr. Visioli merely conceded that he had conversations with Dr. Crea that he considered confidential.<br><br>• Page 4, Lines 1-2: DENIED. "Good cause" does not support sealing the broad statement by Dr. Visioli that he and Dr. Crea discussed potential |

distributors for CreAgri's products.

- Page 4, Lines 3-5: DENIED. "Good cause" does not support sealing broad statements about what Dr. Crea thought his patents covered.

- Page 4, Lines 22-26: DENIED. These broad and vague statements regarding the nature of Dr. Visioli's conversations with Dr. Crea are not sealable.

- Page 5, Lines 1-5: DENIED. The discussion about Dr. Visioli's relationship with 10-B was stated in open court by CreAgri's counsel at the hearing on the Motion to Disqualify.

- Page 5, Lines 14-18: GRANTED as to the word preceding "delivery" on Line 16. How CreAgri planned to deliver HIDROX is potentially a trade secret. The remaining information is not sealable. Accordingly, the remainder of the sealing motion is DENIED.

- Page 5, Lines 19-22: DENIED. "Good cause" does not support sealing broad, general statements about communications between Dr. Visioli and Dr. Crea.

Exhibit G:

- Declaration of Dr. Crea: GRANTED in part and DENIED in part. The mere fact that Dr. Visioli had conversations with Dr. Crea is not a trade secret. *See* ¶ 2. Nor are broad, vague statements about the nature of Dr. Visioli's work for CreAgri, which was discussed at length at the hearing on the Motion to Disqualify Dr. Visioli. *See* ¶ 4. The existence, dates, and general topics of conversation of the 10-B International meeting minutes were also discussed in open court during the hearing on the Motion to Disqualify Dr. Visioli. *See* ¶¶ 5-8. The title and contents of this PowerPoint presentation are not sealable, because nothing in the record supports a finding that the presentation itself was confidential. *See* ¶ 15; *see also* ECF No. 179 at 11-12. The fact that Dr. Crea sent Dr. Visioli an email and the email's subject line is not confidential and thus the motion to seal this information is DENIED. *See* ¶ 18. However, the Court finds that "good cause" supports the sealing of the contents of the email that concern the specific nature of the discussions between CreAgri and its partners regarding the development of new products. *See* ¶ 17. Thus,

6

11-CV-06635-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| | | |
|---|---|---|
| | | the Court GRANTS the motion to seal the contents of the email.<br><br>• Exhibits 1, 12-17: DENIED. There is no "good cause" to seal these routine emails scheduling and inquiring about meetings.<br><br>• Exhibits 2-4: DENIED WITHOUT PREJUDICE. CreAgri seeks to seal in full the minutes of 10-B International's meetings that Dr. Visioli and Dr. Crea attended. However, substantial portions of these meeting minutes were discussed in open court. These disclosed items are discussed in the Court's Order Denying the Motion to Disqualify Dr. Visioli, ECF No. 179. The Court further finds that statements such as when the meetings were adjourned are not sealable. Furthermore, as discussed above, the declarations in support of sealing this information, ECF Nos. 92-1, 156-1, conclusorily state that the material is sealable without explaining why the information contained in the minutes is confidential. In light of these deficiencies, the Court denies the motion to seal these exhibits, but does so without prejudice. The Court will consider a more narrowly tailored sealing request that redacts no information already made public and that is accompanied by a declaration that provides more detail about why the material contained in these exhibits is sealable.<br><br>• Exhibits 5-6: DENIED. There is no "good cause" to seal this email celebrating the acceptance of a paper for publication, as the parties have offered only a broad, conclusory statement for why this information is confidential. This paper was in fact published.<br><br>• Exhibits 8-11: DENIED. There is no "good cause" to seal this email exchange attaching a PowerPoint presentation created by a party with whom the parties and record indicate there is no non-disclosure agreement. *See* ECF No. 179 at 11-12.<br><br>Exhibit I: DENIED WITHOUT PREJUDICE. The redactions, 15 pages out of a 20-page excerpt from Dr. Visioli's deposition, are overbroad. For example, objections to questions and identification of exhibits are redacted. Furthermore, Dr. Visioli's statement that he did not feel like his relationship with Dr. Crea ended on bad terms is redacted. |
| 161 | Documents associated with Pinnaclife's Motion for | GRANTED as to all the documents related to CreAgri's Motion for Summary Judgment (Infringement). *See* |

7
11-CV-06635-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| | | |
|---|---|---|
| | Summary Judgment (Invalidity) and CreAgri's Motion for Summary Judgment (Infringement). | Exs. K-R. The Court did not rule on this underlying motion on the merits. Instead, the Court dismissed this this underlying motion without prejudice because the Court granted Pinnaclife's Motion for Summary Judgment of Invalidity. *See* ECF No. 177. Accordingly, the Court's rationale with respect to ECF No. 142 is applicable here.<br><br>The Court rules as follows with respect to the remaining documents, which are related to Pinnaclife's Motion for Summary Judgment:<br><br>Exhibit 2: GRANTED. Exhibit 2 is the unredacted version of Pinnaclife's motion for summary judgment of invalidity. Pinnaclife seeks to seal portions of its motion relating to invalidity arguments that the Court did not reach. Accordingly, the Court's rationale with respect to ECF No. 142 is applicable to these portions.<br><br>Exhibit 4: DENIED WITHOUT PREJUDICE. The unredacted version of this declaration is publically accessible. *See* ECF No. 161-3. If the parties move to remove the unredacted version of the document, they may refile a new administrative motion to seal, which the Court will consider.<br><br>Exhibit 11: DENIED WITHOUT PREJUDICE. This exhibit includes portions of Dr. Crea's deposition. The portions sought to be sealed were filed publicly (and likely inadvertently) as part of Exhibit C to the Marshall Declaration in Support of Defendant Pinnaclife Inc.'s Motion for Summary Judgment or in the Alternative Summary Adjudication of Claims. *Compare* ECF No. 161-3 at 39-40 *with* Exhibit 11 at 7-8. Accordingly, if the parties move to remove the publicly filed document, they may refile a new administrative motion to seal, which the Court will consider. |
| 170 | CreAgri's Opposition to Pinnaclife's Motion to Exclude Testimony of Bruce German | GRANTED. The ruling on ECF No. 142 is equally applicable here. |

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part the pending Administrative Motions to Seal. For the sealing requests denied without prejudice, the parties may file revised sealing requests within ten days. Failure to do so will result in the denial of these motions with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

8

11-CV-06635-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Dated: January 2, 2014

_____
LUCY H. KOH
United States District Judge

9
11-CV-06635-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL