**BRYAN CAVE LLP**
K. Lee Marshall, Cal. Bar No. 277092
Berrie R. Goldman, Cal. Car. No. 246061
Tracy M. Talbot, Cal. Bar No. 259786
Nicholas Lind, Cal. Bar No. 280427
333 Market Street, Suite 2500
San Francisco, CA 94105
Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
Email:        klmarshall@bryancave.com
              berrie.goldman@bryancave.com
              tracy.talbot@bryancave.com
              nick.lind@bryancave.com

Attorneys for Defendant
PINNACLIFE, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREAGRI, INC., a California Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>PINNACLIFE INC., an Nevada Corporation,<br><br>            Defendant. | Case No. 5:11-CV-6635-LHK-PSG<br><br>**DECLARATION OF K. LEE MARSHALL IN SUPPORT OF DEFENDANT PINNACLIFE INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**<br><br>The Honorable Lucy H. Koh<br><br>Date:       May 29, 2014<br>Time:       1:30 p.m.<br>Courtroom:  8, 4th Floor |

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CA 94105

SF01DOCS\179347.1\C064401\0332193

# DECLARATION OF K. LEE MARSHALL

I, K. Lee Marshall, declare:

1. I am an attorney duly licensed to practice law before all courts of the State of California. I am a Partner with the law firm of Bryan Cave LLP, counsel of record for Defendant Pinnaclife Inc. I have personal knowledge of the matters set forth in this Declaration and if called upon to testify in court, I could and would competently do so.

2. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the Transcript of Proceedings held before Magistrate Judge Paul S. Grewal on October 16, 2012 regarding Pinnaclife, Inc.'s Motion to Compel Supplemental Infringement Contentions.

3. Attached hereto as **Exhibit B** is a true and correct copy of Defendant Pinnaclife, Inc.'s First Set of Interrogatories to Plaintiff CreAgri, Inc., served on September 5, 2012.

4. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff CreAgri, Inc.'s Responses and Objections to First Set of Interrogatories [of] Defendant Pinnaclife, Inc., served on October 9, 2012.

5. Attached hereto as **Exhibit D** is a true and correct copy a Rule 37(a)(1) meet and confer letter dated October 17, 2012 from Tracy M. Talbot, counsel of record for Pinnaclife, to Paul Andre, Lisa Kobialka, and Harold Storey, counsel of record for CreAgri, Inc. regarding deficiencies in CreAgri's responses to Pinnaclife's First Set of Requests for Production of Documents and First Set of Interrogatories.

6. Attached hereto as **Exhibit E** is a true and correct copy of an email dated November 9, 2012 from Harold Storey, counsel of record for CreAgri, to Tracy Talbot, counsel of record for Pinnaclife, summarizing the parties' meet and confer conference regarding CreAgri's responses to Pinnaclife's First Set of Requests for Production of Documents and First Set of Interrogatories.

7. Attached hereto as **Exhibit F** is a true and correct copy of a letter dated November 9, 2012 from Berrie Goldman, counsel of record for Pinnaclife, to Paul Andre, Lisa Kobialka, and Harold Storey, counsel for CreAgri, requesting identification of the circumstances surrounding CreAgri's pre-filing investigation.

8.    Attached hereto as **Exhibit G** is a true and correct copy of an email dated November 27, 2012 from Harold Storey, counsel of record for CreAgri, to Berrie Goldman, counsel of record for Pinnaclife, asserting that the circumstances of CreAgri's pre-filing investigation are protected by the attorney-client privilege and/or work product doctrine.

9.    Attached hereto as **Exhibit H** is a true and correct copy of an email dated November 30, 2012 from Berrie Goldman, counsel of record for Pinnaclife, to Harold Storey, counsel of record for CreAgri, further requesting identification of the circumstances surrounding CreAgri's pre-filing investigation.  I believe that counsel for CreAgri did not respond to this email.

10.   Attached hereto as **Exhibit I** is a true and correct copy of Defendant Pinnaclife, Inc.'s First Set of Request for Admissions to Plaintiff CreAgri, Inc., served on March 15, 2013.

11.   Attached hereto as **Exhibit J** is a true and correct copy of Plaintiff CreAgri, Inc.'s Responses and Objections to First Set of Request for Admissions of Defendant Pinnaclife, Inc. (1-39).

12.   Attached hereto as **Exhibit K** is a true and correct copy of excerpts from the April 24, 2013 Deposition of Roberto Crea, Ph.D.  Dr. Crea offered testimony both in his individual capacity and as a corporate representative under Federal Rule of Civil Procedure 30(b)(6).

13.   Attached hereto as **Exhibit L** is a true and correct copy of Plaintiff CreAgri, Inc.'s Responses and Objections to Pinnaclife, Inc.'s Amended Request for Admissions Nos. 1, 3-18, 21-25.

14.   After receiving CreAgri's amended responses to the Requests for Admission on June 20, 2013, Pinnaclife determined that filing a further motion to compel would be fruitless in light of CreAgri's repeated attempts to obstruct the discovery process, electing instead to move forward with summary judgment and a request for sanctions as the most efficient way to bring the case to an end.

15.   Attached hereto as **Exhibit M** is a true and correct copy of excerpts from the July 31, 2013 Deposition of J. Bruce German, Ph.D.  Dr. German offered testimony as an expert witness for CreAgri.

16.   Attached hereto as **Exhibit N** is a true and correct copy of excerpts from the April

22, 2013 Deposition of Roberto Crea, Ph.D. Dr. Crea offered testimony both in his individual capacity and as a corporate representative under Federal Rule of Civil Procedure 30(b)(6).

17. Attached hereto as **Exhibit O** is a true and correct copy of a letter dated July 3, 2013 from Berrie Goldman, counsel of record for Pinnaclife, Inc., to Paul Andre, Lisa Kobialka, and Hannah Lee, counsel of record for CreAgri, attaching Pinnaclife's Notice of Motion and Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, giving notice to Plaintiff CreAgri, that Pinnaclife intended to seek dismissal and an award of attorneys' fees. The attachment has been omitted.

18. Attached hereto as **Exhibit P** is a true and correct copy of a letter dated July 11, 2013 from Paul Andre, counsel of record for CreAgri, to Lee Marshall, counsel of record for Pinnaclife, responding to Pinnaclife's motion failing to provide any facts establishing that it had performed a reasonable pre-filing investigation and threatening a cross-motion for sanctions.

19. Attached hereto as **Exhibit Q** is a true and correct copy of a letter dated July 15, 2013 from Lee Marshall, counsel of record for Pinnaclife, to Paul Andre, counsel of record for CreAgri, requesting information regarding CreAgri's pre-filing investigation.

20. Attached hereto as **Exhibit R** is a true and correct copy of a letter dated July 17, 2013 from Paul Andre, counsel of record for CreAgri, to Lee Marshall, counsel of record for Pinnaclife, declining to provide information about CreAgri's pre-filing activities.

21. Rather than seek dismissal for Rule 11 violations after confirming that CreAgri failed to perform an adequate pre-filing investigation, Pinnaclife elected to move forward with the summary judgment motion it had already prepared in an effort to invalidate the patents and prevent any further baseless suits against its affiliated companies and suppliers.

22. Attached hereto as **Exhibit S** is a true and correct copy of an excerpt from the Transcript of Proceedings held before Judge Paul S. Grewal on June 4, 2013 regarding the parties' Requests for Admissions.

23. Pinnaclife conservatively estimates its attorneys' fees to be approximately $1.3 million, since this action was filed in December 2011, where such estimate also includes costs related to its claims and defenses that are not otherwise recoverable under 28 U.S.C. § 1920 (e.g.

1  prior art searches and attorney research). This estimate is based upon Bryan Cave LLP's
2  accounting records in this case, which reflect fees billed to Pinnaclife through January 6, 2014 in
3  the amount of $1,284,602. These records do not reflect unbilled fees as of January 6, 2014, nor do
4  they include fees incurred for the cost of this Motion, the concurrently-filed Motion for Sanctions
5  Pursuant to Fed. R. Civ. P. 11, or Pinnaclife's Bill of Costs. Upon a determination that an
6  attorneys' fee award is appropriate, Pinnaclife will tender documentation establishing its fees
7  incurred in defense of this suit.
8       I declare under penalty of perjury under the laws of the United States of America that the
9  foregoing is true and correct. Executed this 17th day of January, 2014, at San Francisco,
10 California.

11
12                                               /s/ K. Lee Marshall
                                               K. Lee Marshall